updated 3/11/22

**FAQ on New York City Employees Vaccine Mandate**

**Policy Details**

1. **What is the Vaccine Mandate?**
   Per [DOHMH Commissioner's Order to Require COVID-19 Vaccination for City Employees and Certain City Contractors](#), the New York City Vaccine Mandate requires that all City employees must provide verification that they are vaccinated against COVID-19 by October 29, 2021 at 5 PM.

   City employees or covered employees of a City contractor who provide documentation of having received one dose of any COVID-19 vaccine before 5 PM on October 29, 2021 will be considered fully vaccinated even though two weeks have not passed since their final dose, so long as, for employees who received a two-dose vaccine, they provide documentation that that they have received the second dose of that vaccine within 45 days after receipt of the first dose.

   "Fully vaccinated" means at least two weeks have passed after a person received a single-dose of an FDA- or WHO- approved COVID-19 vaccine or the second dose of an FDA- or WHO- approved two-dose COVID-19 vaccine.

   Weekly testing in lieu of vaccination is only allowed if an employer has granted an employee a reasonable accommodation allowing for testing in lieu of vaccination.

   Beginning November 1, City staff who are not in compliance with the vaccine mandate and have not applied for a reasonable accommodation will be placed on Leave Without Pay (LWOP). An employee may arrive at work with proof of one dose of vaccine in order to be removed from LWOP and if applicable, must submit proof of second dose within 45 days of the first shot.

   **NOTE:** A change has occurred for members of certain unions that have entered into a vaccine mandate agreement. If you have questions about which unions have signed such an agreement, please consult the Office of Labor Relations.
   - Under such agreements, an employee who applied for a reasonable accommodation by 11/2/21 would continue to work during the pendency of the agency's consideration of the request and during the appeal process. Such employees must continue to provide a weekly negative COVID test while their decision is pending.
   - In addition, an employee who applied for a reasonable accommodation between 11/3 and 11/5/21 would continue to work during the pendency of the agency's consideration of the RA but not during the appeal. Such employees must continue to provide a weekly negative COVID test while their agency consideration is pending.
   - All others who applied for a reasonable accommodation after 11/5/21 will remain on LWOP.
   - The LWOP policy remains the same for employees NOT covered by one of the agreements (including managerial and other non-represented employees) and beginning Monday, 11/1/21, anyone who has not submitted proof of vaccination, or applied for reasonable accommodation by 10/27/21, must be placed on Leave Without Pay and is not allowed to work until proof of vaccination.

updated 3/11/22

2. **Which employees must be vaccinated under the Vaccine Mandate?**
   **All City employees, including interns, aides, fellows and volunteers:** The DOHMH Order (10/20/21) requires that proof of vaccination must be submitted by October 29, 2021 at 5 PM.

   **DOC Employees:** Civilian employees and uniformed members assigned to healthcare settings are also immediately subject to the mandate and must submit proof of vaccination by 5 PM on October 29, 2021. Healthcare settings include: Bellevue Hospital; Elmhurst Hospital; the DOC infirmary in North Infirmary Command; the DOC West Facility; and/or any clinic staffed by Correctional Health Services.

   Other uniformed members at DOC, including Wardens and Chief titles, are subject to the mandate effective December 1st, as the City works diligently to address the ongoing staffing situation at Rikers Island.

   **Employees, including subcontracted employees, of covered contractors:** The DOHMH Commissioner's Order requires individuals whose salary is paid in whole or in part from funds provided under a City human services contract or who work alongside City employees to be vaccinated. Contractors must certify they have received proof of vaccination from all employees no later than November 15, 2021.

   **Certain Employees in Public Health and Educational Settings are already required to be vaccinated:**
   - **Hospital Employees:** Per State Department of Health regulation 10 NYCRR 2.61, employees of any facility or institution included in the definition of "hospital" in section 2801 of the Public Health Law, including but not limited to general hospitals, nursing homes, and diagnostic and treatment centers must be fully vaccinated, and must have received at least the first dose by September 27, 2021.
   - **Other Public Health Settings:** Per State Department of Health regulation 10 NYCRR 2.61, employees of (i) any agency established pursuant to Article 36 of the Public Health Law, including but not limited to certified home health agencies, long term home health care programs, acquired immune deficiency syndrome (AIDS) home care programs, licensed home care service agencies, and limited licensed home care service agencies; (ii) hospices as defined in section 4002 of the Public Health Law; and (iii) adult care facility under the regulatory authority of the State Department of Health, as set forth in Article 7 of the Social Services Law: must be fully vaccinated, and must have received at least the first dose by October 7, 2021.
   - **All DOE employees:** DOHMH Commissioner's Order related to DOE Employees, Contractors, and Others (9/15/21—effective date amended 9/28/21). Proof of vaccination was required as of October 1, 2021. Weekly testing is not an alternative for these employees, except where allowed as a reasonable accommodation. This DOHMH Commissioner's Order also applies to:
     - City employees who work in DOE settings or DOE buildings
     - Staff of any Charter school serving students up to grade 12
     - Employees of contractors hired by the City, the DOE, or a charter school to work in DOE settings or DOE buildings.
     - In addition, on September 2, 2021, the State Commissioner of Health issued a Determination on COVID Testing pursuant to 10 NYCRR 2.62 that requires all unvaccinated school staff in P-12 schools to be tested at

- least once a week.  For DOE employees and others covered by the DOHMH Commissioner's Order, this will effectively apply only to those who have been excused from vaccination as a reasonable accommodation.
- **Childcare Providers:** DOHMH Commissioner Order (9/12/2021). Proof of vaccination was required as of September 27, 2021 for staff of early childhood programs or services provided under contract with DOE for Birth-to-5 and Head Start services for infants, toddlers, and preschoolers including 3-k and pre-k services as well as early education programs serving young children with disabilities, Early Learn, pre-school special education pursuant to section 4410 of the Education Law, or by family home-based family child care providers contracted through family child care networks, or programs under contract with DYCD for after school, Beacon, and Cornerstone.

3. **Which employees of covered contractors may continue to submit proof of vaccination OR submit weekly negative test results?**
Per Executive Order 83 and Executive Order 78, City contractors' and subcontractors' employees may continue to submit one-time proof of full vaccination OR test weekly if
    - Their salary is paid in whole or in part from funds provided under a City contract;
    - Their work includes physical interaction with City employees or members of the public; and
    - They are not otherwise covered by a vaccine mandate because they work in a covered healthcare, educational, or human services setting, or who work alongside City employees.

    Contractors were required to certify they have received proof of full vaccination or weekly negative test from all employees and subcontractor employees by October 1, 2021.

    **School bus drivers:**  Although they are not covered by orders issued by the City, on September 2, 2021, the State Commissioner of Health issued a Determination on COVID Testing pursuant to 10 NYCRR 2.62 that requires all unvaccinated school bus drivers to be tested at least once a week.

4. **For the purpose of this vaccine mandate, how are you defining "contracted employee" and "City contractor"?**
For the purposes of this policy, a contracted employee and City contractor are, respectively, an individual or entity whose salary or funding is paid, in whole or part, by a human services contract with a New York City agency to perform work within New York City, or who work alongside City employees with a New York City agency to perform work within New York City.

    Other contractors not otherwise listed in Questions 2 or 3 must still adhere to the COVID-Safe Vaccine or testing requirement detailed in Executive Order 83 and Executive Order 78.

    The City strongly urges organizations to adopt this policy as broadly as possible and cover all of their employees, as the City has done. This policy is intended to keep your employees and the clients they serve safe.

updated 3/11/22

5. **Does the vaccine mandate apply to the clients served by the City or its contractors?**
   No. This policy is specific to City employees and City contractors including their staff, volunteers and interns. City contractors should integrate this policy into their own COVID-19 return to office and health and safety policies. Clients must wear face coverings when indoors within a City workspace.

6. **Does the vaccine mandate cover interns?**
   Yes, interns, aides, and fellows are covered by this policy. All agencies should update their policies to include this requirement.

7. **Does the vaccine mandate cover volunteers?**
   Yes, volunteers are covered by this policy. All agencies should update their volunteer policies to include this requirement.

8. **Does the mandate cover employees who work remotely and have no interaction with the public?**
   Employees who work remotely and have no interaction with the public do not have to be vaccinated, however, if they ever go into the workplace, even once, they must be vaccinated.

9. **Does this mandate extend to subcontractors?**
   Yes, this policy extends to subcontractors including building security, food service employees, and other subcontractors.

10. **Do these contractor requirements apply to micropurchase vendors?**
    Yes, micropurchase vendors are subject to this Commissioner's Order, however due to the small size of their contract and how difficult it would be to track compliance for so many small and short-term vendors, they do not need to submit a certification and policy. Agencies should check such contactors for proof of vaccination or a negative test (if a reasonable accommodation) prior to their entry to a job site. For example, a photographer who comes to the office for half a day would need to show proof of full vaccination or a negative test.

11. **Will the City be providing on-site vaccination at City worksites?**
    Vaccination is widely available and convenient for all New Yorkers. The City will continue to bring mobile vaccination clinics to select worksites, including certain City worksites.

## Vaccination

12. **If an employee, intern, or volunteer gets their first dose prior to when they are subject to this requirement will they be required to provide weekly test results?**
    A City employee who provides documentation of having received one dose of any COVID-19 vaccine on or before October 29, 2021 at 5 PM will not be required to undergo weekly testing.

    An employee who receives the first dose of any COVID vaccine after October 29, 2021 will be required to undergo weekly testing until they have submitted proof of full vaccination.

updated 3/11/22

> Regardless of date of vaccine, if the City employee received a two-dose vaccine, the employee must provide documentation that the second dose has been administered within 45 days of the first dose.

13. **Where can people be vaccinated?**
    Vaccination is free and convenient across the five boroughs and in bordering counties. Over 95% of all NYC residents live within half a mile of a public vaccination site. Convenient vaccination sites can be found via https://www.nyc.gov/vaccinefinder or by calling 877-VAX-4-NYC. For anyone who lives within the five boroughs (including City employees and contractors' employees), the City is also making at-home vaccination free and available; call 877-VAX-4-NYC or visit https://www.nyc.gov/homevaccine to sign up to have a team member come to your home to vaccinate you and any other household members, with any of the three FDA-authorized vaccines you choose.

14. **Which vaccines count? What if the employee has been vaccinated with a non-FDA approved vaccine?**
    For employees who are vaccinated within the United States, only FDA-authorized and WHO-approved vaccines will be accepted.[1] As of the date of this FAQ, FDA-authorized vaccines include the Pfizer, Moderna, and Johnson & Johnson vaccines.

    It is possible that someone was vaccinated outside of the country with a non-FDA approved vaccine. Only vaccines listed for emergency use by the World Health Organization (WHO) are acceptable and the person needs to have received a complete vaccine series. The current list of vaccines authorized by the WHO for emergency use is here.

    People who have started, but not completed, a full series of a vaccine that is approved by the WHO, but not by the FDA, should receive a complete vaccine series with a U.S. FDA-authorized vaccine.

    Employees, interns and volunteers who have been vaccinated outside the U.S. may submit their vaccine record from the place where it was administered.

15. **Can employees "mix" vaccines?**
    Yes. The second dose of a two-dose vaccine or booster dose does not need to match the vaccine type of the first dose, provided they are all FDA- or WHO- authorized or approved COVID-19 vaccines.

16. **What counts as proof of vaccination?**
    Employees, interns, and volunteers may submit, using secure means, proof of vaccination directly to their own agency or contract organization. Employers should maintain a confidential record of the employees who have demonstrated proof of vaccination.

---

[1] Exception: clinical trial participants who received two doses of Novavax are considered fully vaccinated although not authorized by FDA or WHO.

updated 3/11/22

    Proof must be:
- An official CDC card or other official immunization card bearing the employee's name and date(s) of vaccine administration.  The employer must see this document or a photograph of it;
- An Excelsior Pass issued by the State of New York; or
- The NYC COVID SAFE app that clearly displays an image of the CDC card or other official immunization card with the above noted requirements. The NYC COVID SAFE app can be downloaded for Apple or Android (or by searching "NYC COVID Safe" on Apple app store or Google Play store).

Proof of vaccination for vaccines administered outside the U.S. must be an official immunization record and will include all of the following:
- First name and last name
- Date of birth
- Vaccine product name (ex: Moderna)
- Lot number (note: lot number may not be included on all official cards)
- Date(s) administered
- Site where the vaccine was administered or person who administered the vaccine or the country where the vaccine was administered.

17. **How will City agencies use the proof of vaccination?**
Agencies will collect vaccination proof from City employees using secure means. This information will be used to identify employees who have not submitted proof of full vaccination and to compile a list of employees who have not submitted proof of vaccination and must wear a face covering in both shared and non-shared spaces and must submit weekly negative COVID-19 test results until their vaccine series is complete.

    See information below under "Enforcement and Compliance" regarding consequences for failure to comply.

18. **What if an employee, intern, or volunteer is vaccinated, but lost their CDC vaccination card?**
Employees, interns, and volunteers who lost their CDC vaccination card should contact the medical provider where they got vaccinated to get an official record of vaccination. If an employee, intern or volunteer was vaccinated in New York City, they can request their immunization record through the DOHMH self-service portal My Vaccine Record.

19. **Can employees take time from their shift to get vaccinated?**
All employees are allowed to take up to four hours to get vaccinated during their workday. Employees who get a vaccine may take up to four hours on each of the days they receive a vaccination. Please see PSB 600-4 Temporary Citywide Policy for Vaccination of City Employees against SARS-CoV-2 for more information. In addition, all employees may be entitled to paid excused leave for any side effects experienced due to the vaccination. Please see Updated Guidance for City Agencies on Leave Policy Applicable During the Outbreak of Coronavirus Disease 2019 (COVID-19) for more information.

    City employees may also take up to four hours excused leave to vaccinate their dependent children, effective 11/4/2021 by Mayor's Personnel Order (MPO) No. 2021/2.

updated 3/11/22

It is suggested that City contractors adopt the same or similar policy. The City will reimburse contractors for costs associated with providing time off to employees getting vaccinated.

20. **Will the City be offering excused time off to get a booster dose? Will there be additional benefits (additional comp time) for employees that receive a booster shot?**
Time off to get a booster shot is covered under PSB 600-4 Temporary Citywide Policy for Vaccination of City Employees against SARS-CoV-2, but additional compensatory time is not offered for the booster.

21. **Will employees, interns, and volunteers be expected to pay out of pocket for vaccine?**
No. Vaccination is free to all New Yorkers including City and contracted employees; the majority of City employees have chosen to protect themselves and their community by getting vaccinated.

**Reasonable Accommodations**

22. **What is the process for unvaccinated employees who are on leave or have an existing telework accommodation when the vaccine mandate took effect?**
Agencies must communicate with employees who are currently out of the office about the new policy. If an employee is on long term leave or on a previously approved reasonable accommodation to telework, they are not subject to the vaccine mandate until they are scheduled to return to work in the office. **Before** these employees return to work in the office, they must submit (a) proof to Human Resources of having received at least one dose of the vaccine or (b) if they are in need of a reasonable accommodation they must submit the request to the EEO Office.

23. **Will there be any medical or religious accommodations regarding the vaccine mandate?**
Medical or religious accommodations will only be granted in limited circumstances. If the employee, volunteer, or intern has medical or religious concerns that prevent them from complying with the vaccine mandate, they should speak to their EEO officer regarding a potential reasonable accommodation. Any employee who is awaiting a reasonable accommodation determination from their agency must continue to submit a negative test result within every seven-day period.

24. **On what basis can an employee apply for a reasonable accommodation if they have reason not to be vaccinated?**
Reasonable accommodations may be granted only for documented medical or religious reasons.

    The NYC Department of Health has indicated that the *medical basis* for a *permanent* medical exemption includes:
    - Documented contraindication such that an employee cannot receive any FDA-authorized vaccines, with contraindications delineated in CDC clinical considerations for COVID-19 vaccine.

updated 3/11/22

> The NYC Department of Health has indicated that the *medical basis* for a temporary medical exemption includes:
> - An employee who is within the isolation period after COVID-19 infection
> - An employee who is within 90 days of monoclonal antibody or convalescent plasma treatment of COVID-19
> - Treatments for conditions as delineated in CDC clinical considerations, with the understanding that CDC guidance can be updated to modify considerations over time, and/or determined by a treating physician with a valid medical license responsible for immunosuppressive therapy, including full and appropriate documentation that may warrant temporary medical exemption for some period of time because of active therapy or treatment (e.g. stem cell transplant, CAR T-cell therapy) that would temporarily interfere with the patient's ability to respond adequately to vaccination
> - Pericarditis or myocarditis not associated with COVID-19 vaccination or pericarditis or myocarditis associated with COVID-19 vaccination
>
> *Note:* The length of *temporary* medical exemption will be determined on a case-by-case basis and with consideration for provided medical documentation. An employee will be required to be vaccinated at the end of the temporary period.
>
> A sincerely held *religious, moral or ethical belief may be a basis* for a religious accommodation. A request based solely on a personal, political, or philosophical preference does not qualify for a religious accommodation.

25. **What alternative to vaccination is allowed if an employee is granted a reasonable accommodation?**
Except as described in FAQ #32, for requests filed after October 27, 2021, the only allowable accommodation from vaccination without causing an undue hardship and/or disruption is wearing a mask in the workplace at all times and submission of a weekly PCR negative test result.

26. **Is there a deadline for a City employee to apply for a reasonable accommodation from being vaccinated?**
Yes, there is a deadline to apply:
    - Existing City employees must apply for a reasonable accommodation with their agency EEO officer for this vaccine requirement no later than October 27, 2021 in order to avoid Leave without Pay (LWOP) on November 1, 2021. Employees who seek reasonable accommodations from their agencies after October 27, 2021 will be place on LWOP until the reasonable accommodation is decided, included any appeals.
New hires must apply for a reasonable accommodation before the start date of their new position.

27. **How should an employee apply for a reasonable accommodation from being vaccinated?**
An employee seeking a reasonable accommodation from vaccination should apply to their EEO Office (although some agencies designate a different entity to handle these requests). Any employee who requests a reasonable accommodation from their agency on or before October 27, 2021 and is awaiting a reasonable accommodation determination from their agency or an appeal decision must continue to submit a negative test result within every seven-day period.

updated 3/11/22

28. **Can an employee appeal the reasonable accommodation of their agency?**
    Yes. An agency that denies a reasonable accommodation request must provide written information to the employee whose request has been denied on the appeals process, including a link to the City's online appeals request portal: www.nyc.gov/vaxappeal.

    If an employee is denied a reasonable accommodation by their agency, they may appeal the decision **within 3 business days**.

    An employee may submit an appeal via the online review request portal (www.nyc.gov/vaxappeal), which will automatically notify their agency EEO Officer of the appeal. The request for review must include a reason for the appeal. Upon notification of the appeal, the Agency EEO Officer will upload all records concerning the Agency determination of the reasonable accommodation request within **one business day.** Supplemental material may be requested to make a determination on appeal.

    An agency must issue a written determination. If the accommodation is denied or the employee disagrees with the accommodation granted, the written determination must also include information about the appeals process.

    Union members should consult with their union to determine if they have a right to appeal a decision through arbitration.

29. **What is required of an employee while awaiting the determination of their reasonable accommodation and/or reasonable accommodation appeal?**
    An employee who requested a reasonable accommodation from their agency on or before October 27, 2021 and is awaiting a reasonable accommodation appeal determination must continue to submit a weekly negative test result within every seven-day period, as previously required. Employees who seek reasonable accommodations from their agencies after October 27, 2021 will be placed on Leave Without Pay (LWOP) until the reasonable accommodation is decided, included any appeals.

    **NOTE:** A change has occurred for members of certain unions that have entered into a vaccine mandate agreement. If you have questions about which unions have signed such an agreement, please consult the Office of Labor Relations.
    - Under such agreements, an employee who applied for a reasonable accommodation by 11/2/21 would continue to work during the pendency of the agency's consideration of the request and during the appeal process. Such employees must continue to provide a weekly negative COVID test while their decision is pending.
    - In addition, an employee who applied for a reasonable accommodation between 11/3/21 and 11/5/21 would continue to work during the pendency of the agency's consideration of the RA but not during the appeal. Such employees must continue to provide a weekly negative COVID test while their agency consideration is pending.
    - All others who applied for a reasonable accommodation after 11/5/21 will remain on LWOP.
    - The LWOP policy remains the same for employees NOT covered by one of the agreements and beginning Monday, 11/1/21, anyone who has not submitted proof of vaccination, or applied for reasonable accommodation by 10/27/21, must be placed on Leave Without Pay and is not allowed to work until proof of vaccination.

updated 3/11/22

30. **What is required of an employee if their appeal is denied?**
    If an employee's appeal is denied, they must submit proof of the first dose of a vaccination **within 3 business days.** If an employee refuses to be vaccinated within this timeframe after an appeal is denied, they will be placed on Leave Without Pay for one week and then terminated.

31. **What is the process for employees who have an existing telework accommodation related to the mask mandate when the mask mandate was lifted effective March 7, 2022?**
    Reasonable accommodations for employees who cannot medically tolerate a mask should be reviewed and modified as appropriate given that Commissioner's Directive No. 2020-1, effective as of March 7, 2022, has relaxed the mask mandate and only requires mask use under specific circumstances. Telework is not to be granted as an accommodation where another reasonable accommodation would enable the employee to work at their usual worksite.

    Agencies must communicate with employees who are currently out of the office about the new change in the mask mandate as well as the existing vaccine mandate in preparation for their return to the worksite.

32. **How does the vaccine mandate affect employees who return to the office from an existing telework accommodation related to the mask mandate that has now been relaxed as of March 7, 2022?**
    As previously stated in this FAQ document, if an employee is on a previously approved reasonable accommodation to telework, they are not subject to the vaccine mandate until they are scheduled to return to work in the office. Before these employees return to work in the office, they must (a) submit proof to Human Resources of having received at least one dose of the vaccine or (b) if they are in need of a reasonable accommodation regarding the vaccine mandate, they must submit the request to the EEO Office for review.

**Testing**

33. **Who must submit to testing?**
    Employees who are awaiting a determination on a reasonable accommodation request submitted on or before October 27, 2021 (or the applicable date under a union agreement) or who were granted a reasonable accommodation will be required to submit to weekly testing. An employee who receives the first dose of any COVID after October 29, 2021 will be required to undergo weekly testing until they have submitted proof of full vaccination.

    All contractors that are not covered by a vaccine mandate must continue to comply with the COVID-Safe vaccine or testing requirement.

34. **Where can people find testing?**
    If an employee is seeking testing, the City of New York offers free COVID-19 testing in convenient locations across the five boroughs and will continue to do so, but employees may go to their trusted medical professionals as well. There are hundreds of PCR testing locations in the five boroughs; the list can be found at http://www.nyc.gov/covidtest. If

updated 3/11/22

employees prefer to receive a test specifically at a City-sponsored site, that list can be found here: https://www.nychealthandhospitals.org/test-and-trace/testing.

35. **When must employees who have been granted a reasonable accommodation submit a weekly test?**
Beginning November 1, 2021, employees with a reasonable accommodation for the vaccine mandate must submit a weekly PCR negative test instead of submitting proof of vaccination and beginning March 7, 2022, must also wear a mask in the workplace at all times.

For each day that an employee reports to work onsite, they must have had a negative COVID-19 PCR test taken within the preceding seven days. This test result, which must be submitted to HR, must be negative. An employee who has been tested within the preceding seven days but is still waiting for the result may report to work with a pending test result as long as they meet the criteria of the health screening, and provided that the test result is submitted to HR as soon as it becomes available.

Ordinarily, results should be submitted within two to three days of specimen collection and an agency may follow up with an employee who has not yet submitted results to ensure compliance.

36. **For employees, interns, and volunteers who have a reasonable accommodation to do weekly testing, which tests qualify?**
Only polymerase chain reaction (PCR) tests processed by medical professionals qualify. These tests usually take one-two days to process at a lab, but some PCR tests are rapid tests. Both rapid and non-rapid PCR tests can be used. An employee may request a reasonable accommodation for a different type of test.

37. **For employees, interns, and volunteers who have a reasonable accommodation to do weekly testing, do rapid tests qualify?**
Rapid PCR tests will qualify for this requirement.

38. **For employees, interns, and volunteers who have a reasonable accommodation to do weekly testing, do at-home tests qualify?**
At-home tests will not be accepted at this time.

39. **What happens if an employee, intern, or volunteer tests positive?**
For information on the City's Leave Policy during COVID-19, please see: Updated Guidance for City Agencies on Leave Policy Applicable During the Outbreak of Coronavirus Disease 2019 (COVID-19).

40. **Can an employee who is not vaccinated, has received a reasonable accommodation, and has tested positive for COVID-19 be exempt from the weekly testing requirement?**
Per the NYC Department of Health, unvaccinated staff who test positive should not get tested again until at least 90 days after their initial positive test and will need to be exempt from weekly testing during that time. However, they should be strongly encouraged to get vaccinated.

Employees who are subject to the weekly testing requirement because they have been granted a Reasonable Accommodation should seek a modification of their Reasonable

> Accommodation to be exempt from testing in these circumstances, and must provide appropriate documentation. They should get tested during this time if they develop new symptoms that are consistent with COVID-19.
>
> See DOHMH guidance: https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-testing-recommendations.pdf.

41. **What happens if an employee continues to test positive within three months of recovering from COVID-19?**
    Employees who test positive within three months after recovering from the first COVID infection will not receive COVID-19 excused leave during that three-month period unless they have new COVID-19 symptoms.

42. **What happens if an employee is supposed to come in, but says their test results are pending? Do we track how many times someone does this?**
    Employees who have been tested, but whose test results are pending should come to work as long as they meet the criteria of the health screening. They must provide proof of test collection while they await the result. Repeated delays in compliance should be reviewed by applicable HR staff, with disciplinary action taken, as necessary.

43. **Can City and contracted employees take time from their shift to get tested?**
    City employees subject to weekly testing under an approved reasonable accommodation may be tested during their work hours, but some restrictions apply:
    - Employees should work with their supervisors to schedule a time for testing.
    - Employees may be required to get tested at the beginning or end of their shift.
    - If testing is offered at an employee's place of work, they may not use work hours to be tested off-site.
    - If testing is not onsite at the workplace, employees should get tested in a place close to their home or work.
    - Employees will be required to document time taken to seek testing and will be required to seek the fastest option available.
    - Testing time should be scheduled so that it does not have any detrimental impact on operations.

    Contracted organizations may develop their own policies and procedures with regards to testing. However, no additional funding will be provided associated with time off for testing.

44. **Are employees required to be tested at an onsite location?**
    No, employees may choose where to be tested, but if testing is offered at an employee's place of work, they may not use work hours to be tested off-site.

45. **May employees use overtime to get tested?**
    No, City employees may not use overtime to get tested.

46. **Will tests at City sites be billed to employees' insurance (which the City pays)?**
    For many of the tests conducted, employee insurance will be billed. At City-run sites, FEMA requires that the City attempt to bill for all tests in order to seek federal reimbursement for any costs not covered by insurance. For this reason, the City will attempt to bill for most tests performed by a City provider regardless of the fact that the City pays for the insurance coverage. The City does provide some testing without billing

    for it because the testing is funded by sources of federal funds that are not subject to FEMA rules and regulations.

47. **Who is responsible for paying for tests at non-City sites (to the extent it isn't covered)?**
Tests are widely available at no cost to individuals across dozens of City-sponsored test sites. Private providers may charge for testing or charge a co-pay and all New Yorkers are strongly encouraged to ask about associated costs before being tested. Most providers across the City will attempt to bill insurance for test collection.

**Face Coverings**

48. **Do all employees and visitors have to wear a face covering?**
Every City employee and visitor able to medically tolerate a face covering must wear a face covering that covers the employee's mouth and nose:
    - when interacting with members of the public in an indoor setting;
    - during days 6 to 10 after infection with COVID-19 upon returning to the work site; and
    - if the employee is employed at a state-regulated health care setting, adult care facility or nursing home; correctional facility; or homeless or domestic violence shelter.

    A member of the public seeking a City service who is not wearing a face covering must be provided with an accommodation allowing them to receive the service remotely (e.g., by mail, telephone, or video conference).

49. **When are face coverings strongly recommended?**
It is strongly recommended that employees continue to wear a face covering under the following circumstances:
    - When the employee is not fully vaccinated;
    - When employees are interacting in close quarters, such as in shared meeting spaces, elevators and building lobbies; and
    - When the employee has been in close contact with a person infected with COVID-19 (but not required to quarantine) for 10 days following exposure.

50. **Do employees with shortened quarantine periods have to increase their mask protection?**
Yes. The employee must be able to consistently and correctly wear a well-fitting face mask, a higher-level mask such as a KN95, or a fit-tested N95 respirator while at work from day 6 to day 10. The mask should fit with no air gaps around the edges.

51. **If an employee has a Reasonable Accommodation because they are medically unable to tolerate a face covering, are they subject to a shortened quarantined period?**
Employees with a Reasonable Accommodation because they are unable to medically tolerate a face covering are subject to the 10 day quarantine period.

updated 3/11/22

52. **Can employees who choose to wear a face covering continue to do so?**
    Yes. Employees who are not required to wear a face covering may continue to wear one as a personal choice without interference.

**Enforcement and Compliance**

53. **Do staff have to tell the City whether or not they are vaccinated?**
    Yes. Vaccination is required for all City employees covered by the DOHMH Order as a term of employment.

54. **How will City agencies track compliance?**
    Each agency will track compliance for their employees, interns, and volunteers. Agencies are responsible for verifying individual vaccination status of each employee, intern, and volunteer, and monitoring compliance with vaccine and face covering requirements, and where applicable, with weekly testing.

55. **Are there privacy concerns with handling employee vaccination information, documents, and COVID-19 test results?**
    Employee vaccination information and COVID-19 test results are considered confidential medical information under the federal Americans with Disabilities Act and are also types of identifying information that are protected under the City's privacy law. This information must be kept private and secure and may only be shared with designated agency staff and City officials. Refer to guidance issued by the City's Chief Privacy Officer on July 30, 2021 for further information on handling this information, or email PrivacyOfficer@cityhall.nyc.gov.

56. **What tools can an agency use to collect and store vaccination or testing proof?**
    Agencies developing or utilizing a survey tool to collect proof of employee vaccination status or COVID-19 test results, because it is confidential medical information, must only use tools that have successfully completed the citywide application security review and have the appropriate controls to support the storage, transmission, and handling of information classified as "Restricted" information under the NYC Cyber Command Policies & Standards. If an agency procures a vendor to develop its survey tool, the contract should include NYC3 security provisions and be reviewed by the Chief Privacy Officer to ensure appropriate privacy protections are included. For further information, contact PrivacyOfficer@cityhall.nyc.gov or legal@cyber.nyc.gov.

57. **What is the penalty for non-compliance? Will non-compliant employees be subject to termination?**
    Beginning November 1, 2021 City staff who are not in compliance with the vaccine mandate and have not applied for a reasonable accommodation will be placed on Leave Without Pay (LWOP). An employee may arrive at work with proof of one dose of vaccine in order to be removed from LWOP and if applicable, must submit proof of second dose within 45 days of the first shot. Employees who refuse to comply will be terminated in accordance with procedures required by the Civil Service Law or applicable collective bargaining agreement.

    **NOTE:** A change has occurred for members of certain unions that have entered into a vaccine mandate agreement. If you have questions about which unions have signed such an agreement, please consult the Office of Labor Relations.

updated 3/11/22

- Under such agreements, an employee who applied for a reasonable accommodation by 11/2/21 would continue to work during the pendency of the agency's consideration of the request and during the appeal process. Such employees must continue to provide a weekly negative COVID test while their decision is pending.
- In addition, an employee who applied for a reasonable accommodation between 11/3/21 and 11/5/21 would continue to work during the pendency of the agency's consideration of the RA but not during the appeal. Such employees must continue to provide a weekly negative COVID test while their agency consideration is pending.
- All others who applied for a reasonable accommodation after 11/5/21 will remain on LWOP.
- The LWOP policy remains the same for employees NOT covered by one of the agreements and beginning Monday, 11/1/21, anyone who has not submitted proof of vaccination, or applied for reasonable accommodation by 10/27/21, must be placed on Leave Without Pay and is not allowed to work until proof of vaccination.

It is important for agencies to establish a system to ensure that no employee who has been notified of non-compliance and Leave Without Pay returns to the worksite until they have submitted required proof of compliance.

It is suggested that contracted organizations adopt a similar policy. If providers are non-compliant, contracting agencies will exercise any rights they may have under their contract.

58. **What if an employee does not submit proof of second dose within 45 days of the first dose if they are part of a two-dose vaccine series?**
Employees who do not provide proof of a second dose should be placed on LWOP after 45 days for one week, and terminated one week later.

59. **How long should an employee be on Leave Without Pay (LWOP) before termination proceedings begin?**
Employees should be placed on LWOP effective November 1, 2021 or, if continuing on payroll pending exemption determination/appeal, within 3 days following receipt of denial of an exemption appeal, and may be subject to discipline or other adverse employment action. Further guidance will be forthcoming.

60. **How will the Vaccine Mandate be enforced for contracted organizations?**
Except for micropurchase vendors, all City contractors with covered contracts must submit a certification signed by the organization's Executive Director or equivalent that they are complying with the City's Vaccine Mandate by uploading it directly to their PASSPort vendor profile or sending it to their contracting agency if they do not have a PASSPort account. Organizations must also submit their updated internal policies that reflect the mandate.

The Certification of Vaccine Mandate should be uploaded to the Miscellaneous Documents section of the Documentation tab in your PASSPort vendor profile, under the label "Vaccine Mandate." Vendor Policies Establishing Vaccine Mandate should be uploaded to PASSPort with [Executive Order 78](#) (/[Executive Order 83](#)) and [Executive Order 79](#) policies under the label "Vendor Vaccine and Face Covering Policies"

updated 3/11/22

> If an agency does not manage contracts via PASSPort, it must independently collect contractor certifications and policies and monitor them in an ongoing manner.
>
> Note: this certification is in addition to the certification that they are complying with [Executive Order 78](#) (/[Executive Order 83](#)) and [Executive Order 79](#), which requires face coverings for unvaccinated employees and compliance with the COVID-Safe vaccine or test requirement.
>
> Contractors are subject to reviews for compliance. Like all other contract provisions, if providers are non-compliant, contracting agencies will exercise any rights they may have under the contract.

61. **In City agencies, do staff have to show proof of vaccination or testing multiple times a day every time someone comes in and out of the workplace?**
No. HR will be responsible for monitoring proof of vaccination, or weekly test compliance for those who have a reasonable accommodation.

62. **Does a test have to be within the previous seven days or in the same calendar week?**
The test must be within the previous seven days and does not need to be in the same calendar week.

63. **Will employees be required to use the City's NYC COVID Safe application?**
No. The NYC COVID Safe application should be on every phone issued by the City of New York, if an employee wishes to use it. However, employees may choose to provide one-time documentation of vaccination or provide weekly documentation of a test via any proof acceptable to the employer and consistent with guidance provided above.

**Where can I find…**
- Vaccination sites: www.nyc.gov/vaccinefinder
- Vaccination appointments: www.vax4nyc.nyc.gov and 877-VAX-4-NYC
- How to schedule an at home vaccine appointment: www.nyc.gov/homevaccine and 877-VAX-4-NYC
- A testing site: www.nyc.gov/covidtest
- A City-run testing site: www.nychealthandhospitals.org/test-and-trace/testing/
- A doctor or nurse to talk with about my vaccination concerns: call 311 and ask to talk to a clinician about COVID-19 vaccination
- Assistance for New Yorkers experiencing Long COVID: www.nyc.gov/aftercare
- CPO Privacy Guidance dated 7/30/21 contact PrivacyOfficer@cityhall.nyc.gov