

| **MURIEL GOODE-TRUFANT** | **THE CITY OF NEW YORK** | **RODALTON J. POOLE** |
| *Acting Corporation Counsel* | **LAW DEPARTMENT** | *Senior Counsel* |
| | 100 CHURCH STREET | Labor and Employment Division |
| | NEW YORK, NY 10007 | (212) 356-2441 |

July 25, 2024

**VIA ECF**
Hon. Jesse M. Furman
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

Re:  Rizzo v. New York City Dep't of Sanitation, et al
     1:23-cv-07190-JMF

Dear Judge Furman:

   The parties write to update the Court in accordance with Your Honor's October 16, 2023 Scheduling Order to file a joint status letter. *See* Civil Docket Entry No. 5.

1. **Nature of Action**: Plaintiff brings this action pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"); the New York State Human Rights Law ("NYSHRL"); and the New York City Human Rights Law ("NYCHRL") against Defendant City of New York ("City"). *See* Civil Docket Entry No. 1. Plaintiff complains that Defendants failed to provide him with a reasonable accommodation based on his religious observance, practice, and belief to be exempted from Defendant's COVID-19 vaccine requirement, and failed to engage in any cooperative dialogue with regard to his request. He alleges that Defendant then placed him on Leave Without Pay and terminated him, causing him to suffer significant pecuniary losses, such as backpay, front pay, overtime, benefits, pension, in addition to emotional distress.

**Principal Defenses:**

Plaintiff Michael Rizzo, a former NYC Department of Sanitation ("DSNY") Sanitation Worker, brings this action pursuant to Title VII of the Civil Rights Act of 1964, New York State Human Rights Law, New York City Human Rights Law, and the First Amendment of the U.S. Constitution.  Plaintiff alleges that Defendant City of New York failed to accommodate his religious beliefs to be exempt from the COVID-19 vaccine.  In its decision granting in part and denying in part Defendant's motion to dismiss the complaint in this action, the Court dismissed Plaintiff's First Amendment  and Title VII Disparate Impact claims but found that the Plaintiff had stated sufficient allegations to support his claims of

Failure to Accommodate and Failure to Engage in Cooperative Dialogue. *See* ECF Dkt. No. 25.

As to all claims, Defendant denies Plaintiff's allegations. Plaintiff's claim that Defendant improperly failed to accommodate his religious beliefs is without merit because granting Plaintiff's broad request for an "exemption" from Defendant's COVID-19 vaccination requirement would impose an undue hardship to Defendant due to the risk of Plaintiff working, unvaccinated, and coming into contact with other staff at DSNY and members of the public. Further, Defendant was required to comply with a lawful vaccine mandate and failure to comply with the law would pose an undue burden on Defendant.

**Major Legal and Factual Issues According to the Plaintiff**:
- Whether Plaintiff's objection to receiving the COVID-19 vaccine (based on his Catholic beliefs regarding his body as a temple of the Holy Spirit, abortion, and conscience, etc.) constitutes a sincerely held religious belief under Title VII, NYCHRL, NYSHRL.
- Whether Defendant can demonstrate that accommodating Plaintiff would cause an undue hardship where the DSNY accommodated other sanitation workers' (who had contact with the public and other employees) religious beliefs.

**Major Legal and Factual Issues According to the Defendant**:
-Whether Defendant DSNY engaged in cooperative dialogue when Plaintiff raised an objection to receiving a vaccine and whether Plaintiff's submitted questions to the proper authorities within DSNY and whether those questions were in fact answered prior to his denial for an accommodation.
-Whether Defendant actually holds a sincerely held religious belief preventing him from vaccination and whether he presented enough facts for DSNY to determine that his belief was sincerely held and bona fide.

2. **Jurisdiction and Venue:** This Court has jurisdiction over Plaintiff's First Cause of Action for the violation of Title VII of the Civil Rights Act of 1964 under 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 to hear Plaintiff's related claims for the failure to accommodate his religious beliefs, observances, and practices and the failure to engage in a cooperative dialogue under the New York State Human Rights Law and the New York City Human Rights Law (Plaintiff's Third, Fourth, and Fifth Causes of Action).

3. **Deadlines, Due Dates, Cut-Off Dates**: The Parties are submitting a Case Management Plan with this Joint Status Letter.

4. **Outstanding Motions**: There are currently no outstanding motions.

5. **Discovery**: No discovery has taken place.

6. **Status of Prior Settlement Discussions**: Plaintiff is open to settlement discussions and will provide a settlement demand to Defendant.

7. **Alternate Dispute Resolution Mechanisms**: Parties have not discussed the use of alternate dispute resolution mechanisms.

8. **Other Information**: Plaintiff asserts that the facts that the Defendants' Vaccine Mandate provided for

2

medical, religious, moral, and ethical exemptions to the Vaccine Mandate, and that other sanitation workers in the same position as Plaintiff were in fact granted religious accommodations of weekly PCR testing, are dispositive on the legal question of undue hardship under Title VII, NYSHRL and NYCHRL. This is not a case where accommodation was not feasible for safety reasons, but rather the Defendants simply did not acknowledge Plaintiff's religious beliefs as entitling him to an exemption.

On July 24, 2024, the parties conferred, via telephone.

Dated: July 25, 2024

                                        Respectfully submitted,

                                        /s/ _____
                                        Christina Martinez Esq.

                                        /s/_____
                                        Rodalton J. Poole, Esq.