Docket No. 23-cv-07190-JAV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL RIZZO,

                Plaintiff,

    v.

NEW YORK CITY DEPARTMENT OF SANITATION
AND CITY OF NEW YORK,

                Defendants.

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN DISCOVERY

Christina Martinez, Esq.
*Attorney for Plaintiff*
245 Bricktown Way, Suite J
Staten Island NY 10309
T: (347) 215-4543
E-mail: ChristinaMartinezEsq@gmail.com

i

**INTRODUCTION**

This is an action brought by Plaintiff against his employer, the New York City Department of Sanitation and the City of New York, for religious discrimination and the failure to accommodate, pursuant to Title VII of the Civil Rights Act, New York State Human Rights Law, the New York City Human Rights Law ("NYCHRL"), and the failure to engage in a cooperative dialogue pursuant to the NYCHRL. Plaintiff respectfully moves this Court for an order reopening discovery for a limited period to allow the completion of essential discovery tasks, including the production of Electronically Stored Information (ESI), responses to interrogatories, and the scheduling of depositions of key individuals. This motion is made in light of the mutual challenges faced by both parties, including substantial caseloads and the complexity of the discovery materials, which have impeded the timely completion of discovery despite diligent efforts.

**BACKGROUND**

A. **City's Extension Request**: The City recently requested an additional extension, citing the attorney's substantial caseload and an apology for delays. Today, this request was denied by the Court.

B. **Plaintiff's Understanding**: Throughout the discovery period, Plaintiff was informed by the City's counsel that delays were due to workload challenges, particularly concerning the extensive ESI involving multiple custodians and thousands of documents. Plaintiff, aiming to avoid unnecessary judicial intervention, accommodated these delays in good faith. I do not believe that Defendant's counsel acted with any intent to withhold discovery. Rather, I genuinely believe that counsel has been working in good faith to produce the outstanding discovery necessary for scheduling depositions. The delays

1

appear to have been the result of workload constraints and the complexity of the discovery process, rather than any deliberate attempt to obstruct proceedings.

### ARGUMENT

**A. Necessary Outstanding Discovery and its Critical Relevance to the Case**

Plaintiff seeks to reopen discovery for a limited period to allow the completion of critical outstanding discovery. Specifically, Plaintiff requires the production of Electronically Stored Information (ESI) that Defendants have been actively working on but have not yet disclosed, as well as responses to outstanding interrogatories that are necessary for Plaintiff's case, which Defendant's attorney told me he was waiting on his supervisor to approve in order to send to me. Additionally, Plaintiff must take the depositions of Christopher Morella and Ryan David, the DSNY officials responsible for deciding Plaintiff's reasonable accommodation request, and possibly the deposition of Eric Eichenholtz, the voting member of the Citywide Panel who decided Plaintiff's appeal (depending on what is revealed in the Morella and David depositions). And Defendants wish to depose the Plaintiff. These depositions are crucial to understanding the basis for Defendants' denial and to evaluating their defense of undue hardship. Plaintiff also seeks leave to amend his initial disclosures to include a list of individuals, uncovered during the investigation of this case, who were granted religious accommodations by DSNY and permitted to continue working while unvaccinated. This information is directly relevant to Defendants' affirmative defense of undue hardship, as it contradicts their claim that accommodating Plaintiff would have imposed a significant burden. Additionally, Plaintiff seeks leave to serve Requests for Admission to clarify key factual issues and efficiently narrow the matters in dispute. Given that fact discovery remains incomplete due to the outstanding ESI production and depositions, it was not feasible to serve these requests earlier. Allowing Plaintiff to do so now will promote

2

judicial efficiency by helping to establish or eliminate contested facts before trial. The requested discovery is narrowly tailored and essential to ensuring that the case proceeds on a fully developed factual record.

**B. Good Cause Exists to Reopen Discovery**

A district court has "broad discretion to direct and manage the pre-trial discovery process." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). Here, both of the parties have asked the court to exercise this discretion to allow discovery to continue. Reopening discovery is warranted under Rule 16(b)(4) of the Federal Rules of Civil Procedure, which allows modification of a scheduling order upon a showing of good cause. Courts consider the following six factors when analyzing a request to reopen discovery:

> (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence.

*Torres v. Dematteo Salvage Co. Inc.*, No. CV14774ADSAKT, 2016 WL 845326, at *4 (E.D.N.Y. Mar. 2, 2016).

Here, the parties have good cause for reopening discovery. All of the factors militate in favor of reopening discovery:

1. **Whether trial is imminent**: The trial of this matter is not imminent. Although discovery closed on January 29, 2025, no trial date has been set.

2. **Whether the request is opposed**: The Plaintiff brings this motion immediately following the denial of the Defendants' letter-motion which sought the extension of the discovery deadline for the same reason as Plaintiff seeks the reopening of discovery in the instant motion.

3

3. **Whether the non-moving party would be prejudiced**:

   Defendants will not suffer any prejudice from the reopening of discovery. In fact, Defendants previously sought the very same relief, acknowledging the need for additional time to complete outstanding discovery. Given that Defendants themselves recognized the necessity of an extension, they cannot now claim that reopening discovery would unfairly disadvantage them.

   Moreover, Defendants have expressed an interest in deposing Plaintiff, an opportunity they would forfeit if discovery remains closed. Allowing discovery to be reopened will enable both parties to complete necessary depositions and ensure that the case is decided on a full and fair record.

   Additionally, Defendants are already in the process of producing outstanding Electronically Stored Information (ESI) and responding to interrogatories. Reopening discovery merely provides the time needed to complete the process they have already begun. Since Defendants have been actively working on these disclosures, they would not be burdened or surprised by this extension—instead, it would allow them to follow through on their existing obligations without procedural constraints.

   For these reasons, granting this motion serves the interests of fairness and efficiency without prejudicing Defendants in any way

4. **Whether the moving party was diligent in obtaining discovery within the guidelines established by the court**: Plaintiff has responded to all of the Defendant's discovery demands, and has followed up with and remained in open communication with the Defendant's counsel regarding the outstanding discovery owed by the Defendant. Both parties have faced significant caseloads and have communicated openly about the

4

challenges in meeting discovery deadlines. Plaintiff has been accommodating of the City's delays, understanding the complexities involved in ESI production. I believe that the City has one attorney tasked with ESI production. The parties have been working collaboratively to resolve discovery issues without burdening the Court, as evidenced by the City's acknowledgment of delays and commitment to meet future deadlines.

5. **The foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court**: The need for additional discovery was not only foreseeable but acknowledged by both parties throughout the discovery period. The extensive nature of the discovery, particularly the Electronically Stored Information (ESI), inherently required significant time due to the number of custodians involved and the volume of responsive documents. Given these complexities, the delays were not due to any lack of effort or bad faith but rather the practical realities of processing and reviewing large-scale discovery. Additionally, Defendants' own request for an extension demonstrates that even they anticipated the need for additional time to complete discovery. While both parties aimed to comply with the existing schedule, the challenges in producing voluminous ESI and completing depositions within the allocated timeframe made the need for an extension practically unavoidable. Therefore, reopening discovery now aligns with the reasonable and foreseeable need for additional time given the circumstances.

6. **The likelihood that the discovery will lead to relevant evidence**: The requested discovery is highly likely to yield critical evidence essential to resolving key issues in this case. Specifically:

5

a. The **ESI and interrogatory responses** will provide essential documentation regarding Defendants' decision-making process concerning Plaintiff's reasonable accommodation request.

b. The **depositions of Christopher Morella and Ryan David**, who were directly involved in evaluating Plaintiff's request for DSNY, are crucial to understanding the rationale behind the denial and any potential inconsistencies in Defendants' justification.

c. The **deposition of Eric Eichenholtz** of the Citywide Panel may also be necessary (depending on what is revealed in the DSNY depositions) to further explore the broader decision-making framework applied in these cases.

d. **Requests for Admission** will help clarify key factual issues, including Defendants' handling of other religious accommodation requests and whether any similarly situated DSNY employees were granted accommodations while remaining unvaccinated. These admissions will serve to either narrow the disputed issues or confirm discrepancies in Defendants' stated justifications

These discovery items are not cumulative or redundant, but rather necessary to establish key factual disputes and ensure that the Court has a complete and accurate record upon which to decide this case. Without them, both Plaintiff and the Court would be deprived of critical information, undermining the fairness of the proceedings. Given the direct relevance of the requested discovery to the core claims and defenses in this case, reopening discovery is warranted to ensure that all material evidence is considered before any dispositive motions or trial. Because this discovery is highly targeted and directly relevant to the core claims and defenses in this case,

6

reopening discovery is necessary to ensure the case is decided on a full and accurate factual record.

### C. Compliance with Court's Individual Rules

Plaintiff acknowledges the Court's Individual Rules and Practices in Civil Cases, specifically Paragraph 6(C), which emphasizes the timely raising of discovery issues. While issues were not raised prior to the expiration of the discovery deadline, this was due to the parties' mutual understanding and efforts to resolve matters without Court intervention. Plaintiff respectfully submits that these circumstances constitute good cause for the requested relief.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to reopen discovery for a limited period to allow the completion of essential discovery tasks, including allowing Defendants to complete ESI production and its responses to interrogatories, allowing the scheduling of key depositions, and follow-up requests for admission.

Dated: Staten Island, New York
February 5, 2025

Respectfully submitted,

_____
Christina Martinez, Esq.
245 Bricktown Way, Suite J
Staten Island NY 10309
T: (347) 215-4543
ChristinaMartinezEsq@gmail.com

*Attorney for Plaintiff*

7