

**Martinez & Loiacono PLLC**

Christina M. Martinez, Esq.
Partner
245 Bricktown Way, Suite J
Staten Island, New York 10309
T: (347) 215-4543
F: (718) 556-2007
ChristinaMartinezEsq@gmail.com
*Admitted in:*
*New York & New Jersey*

March 28, 2025

*Via ECF*
The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   **RE:** Michael Rizzo v. The City of New York
      1:23-cv-07190-JAV

Dear Judge Vargas:

Pursuant to Section 6(A) of Your Honor's Individual Rules and Practices, we write jointly to advise the Court of a discovery dispute that has arisen in the above-referenced matter.

The parties previously met and conferred on February 6, 2025, regarding the discovery items listed below, and Defendants agreed to produce most of them. However, despite follow-up communications in February and March 2025, Plaintiff has not received the materials, and depositions of the Defendants are scheduled for April 8 and 11, 2025.

The outstanding discovery includes:

1. **Document Demand No. 15 / Interrogatory No. 5:** Documents or data identifying the civil service title, rank, command, facility, garage, and/or unit for DSNY employees who were granted religious accommodations to the vaccine mandate. During prior discussions, Plaintiff referenced similar tracking spreadsheets maintained by agencies such as FDNY and NYPD. Defendants indicated a search would be conducted for any such DSNY spreadsheet and agreed to produce it if found.

2. **Citywide Panel Approvals:** A summary or number of approvals granted by the Citywide Panel for both religious and medical accommodation requests submitted by DSNY employees.

1

3. **Document Demand No. 18:** The number of unvaccinated DSNY employees who remained on duty and tested weekly while their accommodation requests were pending. Plaintiff indicated this can be produced in summary form.

4. **City's Undue Hardship Defense:** Clarification of whether Defendants' undue hardship defense is premised on economic burden or safety concerns. This relates to Interrogatories 9, 10, and 12 and Document Demands 37, 41, and 42, which seek financial data relevant to the cost of testing and COVID relief funding. If Defendants intend to rely on financial hardship as a defense, Plaintiff anticipates moving to strike it based on the lack of discovery provided on this issue.

5. **Document Request No. 51 / Interrogatory No. 23:** Information or documents showing whether Plaintiff would have received a raise, salary adjustment, or other earnings had he remained employed.

6. **Document Request No. 54 / Interrogatory No. 24:** Compensation and overtime records for similarly situated DSNY employees in Plaintiff's garage, needed to calculate damages.

7. **Outstanding ESI:** communications to and from DSNY (Christopher Morella and Ryan David) regarding the Plaintiff's accommodation request and termination, criteria on abortion related objections to the covid vaccine, and the procedures and criteria on accommodation requests.

Plaintiff emailed defense counsel regarding these issues on February 16, March 25, and March 27, and left multiple voicemail messages.

We respectfully request the Court's intervention to ensure the outstanding discovery is produced in advance of upcoming depositions. Defendants' position is set forth below.

**Defendants' Position:**
Defendants were provided with a draft of this letter and given an opportunity to state their position but declined to do so. They indicated that Plaintiff may file the letter as is.

Respectfully submitted,

Christina Martinez, Esq.
Attorney for Plaintiff

2