

Christina Martinez <christinamartinezesq@gmail.com>

---

## Rizzo - Discovery
16 messages

---

**Christina Martinez** <christinamartinezesq@gmail.com>  Thu, Feb 6, 2025 at 2:56 PM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Dear Rodalton,

I'm following up regarding the outstanding discovery issues in *Rizzo* to ensure we have documentation of our prior discussions and agreements:

1. **Amended Initial Disclosures** – We agreed that both parties could amend initial disclosures. I will be adding information on my expert/damages and potential witnesses, including DSNY employees who were granted religious accommodations to the vaccine mandate. I will send a stipulation confirming our agreement, which will give both parties a deadline of February 21 to amend.

2. **Citywide Panel Spreadsheet** – You agreed to provide a PDF version of the citywide panel spreadsheet that is not cut off. The prior version you sent is cut off.

3. **Document Demand No. 15** – The City's objection indicated that an ESI search would be conducted for documents identifying the civil service title, rank, command, specific facilities, garages, and/or units of DSNY employees who were granted religious accommodations to the vaccine mandate. We discussed that other agencies such as FDNY and NYPD keep tracking spreadsheets. You confirmed that if such a spreadsheet exists, it will be produced and is currently being searched for.

4. **Citywide Panel Approvals** – You agreed to provide a number for the approvals granted by the Citywide Panel for both religious and medical accommodations, which can be provided in interrogatory responses rather than through documents.

5. **Document Demand No. 18** – You agreed to provide the number of unvaccinated DSNY employees who continued working and testing while their reasonable accommodation requests were pending. This can be in the form of a number rather than documents.

6. **City's Undue Hardship Defense** – We discussed narrowing the issues for trial through requests to admit and stipulated facts. You indicated that you would follow up with the DSNY attorney regarding whether the undue hardship defense is based on economic hardship or safety concerns. Document Demand No. 37 requests costs associated with tracking compliance with weekly testing, and Demands Nos. 41-42 ask for information on COVID relief funds. If there is no economic undue hardship then these documents are unnecessary.

7. **Document Request No. 51** – You are looking into whether Rizzo would have received a raise, salary adjustments, or additional earnings had he continued working.

8. **Document Request No. 54** – We discussed obtaining records showing earnings and compensation of sanitation workers in Rizzo's garage with comparable seniority, including overtime. Our conversation shifted to potential settlement, so no agreement was reached.

9. **Interrogatory Responses** – You agreed to provide interrogatory responses by Monday, February 10.

10. **ESI Search** – I sent the search terms we discussed to both you and Karel.

Please confirm that this accurately reflects our discussion. Let me know if anything needs to be clarified or if you have any updates.

Thank you,

Christina Martinez, Esq.
The Law Offices of Christina M. Martinez
245 Bricktown Way, Suite J
Staten Island NY 10309
T: (347) 215-4543
F: (718) 556-2007

CONFIDENTIALITY NOTICE: This email is privileged and confidential.  It is for the sole use of its intended recipient(s), and unauthorized use or disclosure is expressly prohibited. If you are not the addressee or believe that you have received this email in error or without authorization, please notify the sender immediately and delete it from your system.

---

**Christina Martinez** <christinamartinezesq@gmail.com>  Tue, Feb 11, 2025 at 10:59 AM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Hi Rodalton:

I did not receive the interrogatory responses yesterday. What's going on?

Can you send me the PDF of the citywide panel spreadsheet that you sent me as we discussed (remember the one you sent me is cut off)?

Also, when are you going to get me the discovery we discussed above?

Did you locate the spreadsheet tracking how many DSNY employees were granted religious and medical accommodations? Can you send me that today?

I never received a counter-offer to my settlement demand either. Are you going to make one?

Thanks,
Christina

[Quoted text hidden]

---

**Poole, Rodalton (LAW)** <ropoole@law.nyc.gov>  Tue, Feb 11, 2025 at 11:11 AM
To: Christina Martinez <christinamartinezesq@gmail.com>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Hi Christina,

I'm having the client review the interrogatories today—they are complete, but DSNY has to verify the responses. My supervisor got them to me this morning. I'll have them to you before the conference on Thrusday.

I'll also send you the citywide panel spreadsheet today.  As for a list of those accommodated, I'm not sure you need that. Comparators would be appropriate under a disparate impact claim, but that was dismissed. Under Failure to Accommodate and Failure to Engage in Cooperative dialogue, how are other employees relevant to those claims? I ask largely because getting a full list of employees who were accommodated is going to take time, and it's probably not needed to prove your case. As Judge Furman's order notes, you only need to show that Mr. Rizzo had a bona fide belief that conflicted with a policy and that he was disciplined.  In other words, your remaining causes of action can be supported by what happened to Plaintiff alone. Why do you need comparators?

---

**From:** Christina Martinez <christinamartinezesq@gmail.com>

**Sent:** Tuesday, February 11, 2025 10:59 AM
**To:** Poole, Rodalton (LAW) <ropoole@law.nyc.gov>
**Cc:** Jim Mermigis <MermigisLaw@gmail.com>
**Subject:** [EXTERNAL] Re: Rizzo - Discovery

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

[Quoted text hidden]

---

**Christina Martinez** <christinamartinezesq@gmail.com>    Tue, Feb 11, 2025 at 11:14 AM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Rodalton, you already agreed to this. But moreover the courts will order you to produce it. I got this in both Vasquez and Chinchilla. It is relevant because you pleaded undue hardship so of course it is relevant if you are safely able to accommodate 100 other sanitation workers without issue.

DSNY should have a spreadsheet like FDNY and NYPD did. You shouldn't have to look for this info.

[Quoted text hidden]

---

**Poole, Rodalton (LAW)** <ropoole@law.nyc.gov>    Tue, Feb 11, 2025 at 11:39 AM
To: Christina Martinez <christinamartinezesq@gmail.com>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

We'll get you the spreadsheet. I do have the liaison working to get much of what we discussed, and I have also conveyed your settlement demand. DSNY is considering that now. But I'm not sure you'll need comparators. I understand about our affirmative defenses. But if the issue was that DSNY found him not to have a bona fide religious belief (as the discovery shows), then that's what our case is about. In any event, I'm going to get you all that I can before the conference. The spreadsheet will be sent shortly.

[Quoted text hidden]

---

**Christina Martinez** <christinamartinezesq@gmail.com>    Tue, Feb 11, 2025 at 11:42 AM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

If the issue is bona fide religious beliefs and not undue hardship, that's fine, but then withdraw your undue hardship affirmative defense. Otherwise I obviously need discovery to disprove undue hardship.

[Quoted text hidden]

---

**Poole, Rodalton (LAW)** <ropoole@law.nyc.gov>    Tue, Feb 11, 2025 at 12:02 PM
To: Christina Martinez <christinamartinezesq@gmail.com>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Attached is the full spreadsheet without cutoff. This will replace previous DEF 286, which was cutoff.

[Quoted text hidden]

 **Citywide Panel Spreadsheet_landscape format 286 updated.pdf**
535K

**Christina Martinez** <christinamartinezesq@gmail.com>  Tue, Feb 11, 2025 at 12:43 PM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Thank you.

[Quoted text hidden]

---

**Christina Martinez** <christinamartinezesq@gmail.com>  Wed, Feb 12, 2025 at 2:46 PM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Hi:

We have court tomorrow. Where are we with all of the above? And, what is your plan of action? Are you still asking for a settlement conference? What are you going to say about the status of discovery?

Thanks,
Christina

[Quoted text hidden]

---

**Christina Martinez** <christinamartinezesq@gmail.com>  Sun, Feb 16, 2025 at 9:43 AM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Hello Rodalton:

I'm following up regarding discovery. It seems that the Court was most upset that we did not keep her apprised of what was going on. I definitely am not going to let that happen again. Please update me on the status of the outstanding discovery, and please **provide dates** that you will be getting me the following:

1. **Depositions:** Can you send me dates for Christopher Morella, Ryan David, and Eric Eichenholtz?

2. **Document Demand No. 15** – documents identifying the civil service title, rank, command, specific facilities, garages, and/or units of DSNY employees who were granted religious accommodations to the vaccine mandate. E.g., DSNY tracking spreadsheet.

3. **Citywide Panel Approvals** – You agreed to provide a number for the approvals granted by the Citywide Panel for both religious and medical accommodations. I agreed to receive this in an interrogatory responses rather than through documents if it was easier for the City. But in the interrogatory responses, you did not include any such information. Are you going to give me documents then? Or we can do stipulated facts.

4. **Document Demand No. 18** – You agreed to provide the number of unvaccinated DSNY employees who continued working and testing while their reasonable accommodation requests were pending. This can be in the form of a number rather than documents.

5. **City's Undue Hardship Defense** – We discussed narrowing the issues for trial through requests to admit and stipulated facts. You indicated that you would follow up with the DSNY attorney regarding whether the undue hardship defense is based on economic hardship or safety concerns. Document Demand No. 37 requests costs associated with tracking compliance with weekly testing, and Demands Nos. 41-42 ask for information on COVID relief funds. If there is no economic undue hardship then these documents are unnecessary. Jim Mermigis mentioned that at court you stated to the judge that you would not be utilizing an undue hardship defense. Will you be withdrawing the affirmative defense in the answer?

6. **Document Request No. 51** – whether Rizzo would have received a raise, salary adjustments, or additional earnings had he continued working.

7. **Document Request No. 54** – We discussed obtaining records showing earnings and compensation of sanitation workers in Rizzo's garage with comparable seniority, including overtime. Our conversation shifted to potential settlement, so no agreement was reached. What is your stance on this?

8. **ESI Search** – Can you provide me a date when this will be available?
9. **Interrogatory Responses** - can we meet and confer on this? Most of your response is boilerplate objections. We need actual answers.

Thanks,

Christina

[Quoted text hidden]

---

**Poole, Rodalton (LAW)** <ropoole@law.nyc.gov>  Tue, Feb 18, 2025 at 9:57 AM
To: Christina Martinez <christinamartinezesq@gmail.com>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Good morning. Christina,

I'll work to get deposition dates as requested. I'm told that Christopher Morella was just a conduit of information and that Ryan David was the decision maker. I, therefore, recommend you depose only Mr. David and Mr. Eichenholtz—but of course the choice is yours. The DSNY attorney is looking into Mr. Rizzo's salary information and what would be owed based on his pension status. She believes he was vested at the time of his termination, but we're working to confirm that. I'll also find out by the end of this week whether we intend do advance an undue hardship argument. I'll work to have an answer to that by this Friday, February, 21st. If we withdraw the undue hardship, we will continue to object to comparator information as irrelevant to your remaining claims. However, I do understand that you would likely need comparator information if we proceed with an undue hardship defense.

In any event, I'll have answers to #s 1 and 5 by Friday. I'll speak to Karel about 8 this week and give you a call. Thanks.

-Rodalton

---

**From:** Christina Martinez <christinamartinezesq@gmail.com>
**Sent:** Sunday, February 16, 2025 9:43 AM
**To:** Poole, Rodalton (LAW) <ropoole@law.nyc.gov>
**Cc:** Jim Mermigis <MermigisLaw@gmail.com>
**Subject:** Re: [EXTERNAL] Re: Rizzo - Discovery

Hello Rodalton:

I'm following up regarding discovery. It seems that the Court was most upset that we did not keep her apprised of what was going on. I definitely am not going to let that happen again. Please update me on the status of the outstanding discovery, and please **provide dates** that you will be getting me the following:

1. **Depositions:** Can you send me dates for Christopher Morella, Ryan David, and Eric Eichenholtz?

2. **Document Demand No. 15** – documents identifying the civil service title, rank, command, specific facilities, garages, and/or units of DSNY employees who were granted religious accommodations to the vaccine mandate. E.g., DSNY tracking spreadsheet.

3. **Citywide Panel Approvals** – You agreed to provide a number for the approvals granted by the Citywide Panel for both religious and medical accommodations. I agreed to receive this in an interrogatory responses rather than through documents if it was easier for the City. But in the interrogatory responses, you did not include any such information. Are you going to give me documents then? Or we can do stipulated facts.

4. **Document Demand No. 18** – You agreed to provide the number of unvaccinated DSNY employees who continued working and testing while their reasonable accommodation requests were pending. This can be in the form of a number rather than documents.

5. **City's Undue Hardship Defense** – We discussed narrowing the issues for trial through requests to admit and stipulated facts. You indicated that you would follow up with the DSNY attorney regarding whether the undue hardship defense is based on economic hardship or safety concerns. Document Demand No. 37 requests costs associated with tracking compliance with weekly testing, and Demands Nos. 41-42 ask for information on COVID relief funds. If there is no economic undue hardship then these documents are unnecessary. Jim Mermigis mentioned that at court you stated to the judge that you would not be utilizing an undue hardship defense. Will you be withdrawing the affirmative defense in the answer?

6. **Document Request No. 51** – whether Rizzo would have received a raise, salary adjustments, or additional earnings had he continued working.

[Quoted text hidden]
[Quoted text hidden]

---

**Christina Martinez** <christinamartinezesq@gmail.com>  Tue, Mar 25, 2025 at 10:44 PM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Dear Rodalton,

I'm following up regarding the outstanding discovery in *Rizzo* to ensure I have everything that I need for the upcoming depositions:

1. **Document Demand No. 15/Interrogatory No. 5** – The City's objection to the document demand indicated that a search would be conducted for documents identifying the civil service title, rank, command, specific facilities, garages, and/or units of DSNY employees who were granted religious accommodations to the vaccine mandate. We discussed that other agencies such as FDNY and NYPD keep tracking spreadsheets. You confirmed that if such a spreadsheet exists, it will be produced and is currently being searched for. **This spreadsheet is vital for depositions. Can you please let me know if you will be producing this spreadsheet?**

2. **Citywide Panel Approvals** – You previously agreed during a meet and confer that the City would provide <u>a number</u> for the approvals granted by the Citywide Panel for both religious and medical accommodations, but you never did. **Please let me know if you are no longer producing this information.**

3. **Document Demand No. 18** – You agreed to provide the number of unvaccinated DSNY employees who continued working and testing while their reasonable accommodation requests were pending. This can be in the form of a number rather than documents. **Please let me know if you are no longer producing this information.**

4. **City's Undue Hardship Defense** – At our last meet and confer, we discussed narrowing the issues for trial regarding undue hardship. You indicated that you would follow up with the DSNY regarding whether the undue hardship defense is based on economic hardship or safety concerns. Interrogatories 9, 10, and 12, as well as Document Demand No. 37 requests financial costs associated with tracking compliance with weekly testing, and Demands Nos. 41-42 ask for information on COVID relief funds. If the City seeks to make use the financial cost of accommodation as its undue hardship defense, the Plaintiff will be moving to strike such

a defense based upon the failure to provide any discovery on this issue.

5. **Document Request No. 51/Interrogatory No 23** – At our last meet and confer, you were looking into whether Rizzo would have received a raise, salary adjustments, or additional earnings had he continued working. **Please let me know if you are no longer producing this information, as I need it to calculate damages.**

6. **Document Request No. 54/Interrogatory No 24** – At our last meet and confer, we discussed obtaining records showing earnings and compensation of sanitation workers in Rizzo's garage with comparable seniority, including overtime. Our conversation shifted to potential settlement, so no agreement was reached. **Please let me know if you are no longer producing this information, as I need it to calculate damages.**

**Can we meet and confer on these issues tomorrow? If you are not providing:**

- **the DSNY Vaccine Mandate Reasonable Accommodation ("RA") spreadsheet**
- **Number of Citywide Panel approvals for DSNY employees**
- **Number of DSNY employees who continued working unvaccinated while their RA requests were pending**
- **Info on whether Rizzo would have received a raise/salary adjustment**
- **Info on compensation of comparable sanitation worker in Rizzo's garage (needed to calculate OT)**

**I will be moving the court immediately to compel the disclosure of the above.**

Thanks,
Christina

[Quoted text hidden]

---

**Christina Martinez** <christinamartinezesq@gmail.com>                    Thu, Mar 27, 2025 at 7:18 AM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Hello Rodalton:

Today, I am moving to compel the production of the discovery we already agreed on:

- **the DSNY Vaccine Mandate Reasonable Accommodation ("RA") spreadsheet**
- **Number of Citywide Panel approvals for DSNY employees**
- **Number of DSNY employees who continued working unvaccinated while their RA requests were pending**
- **Info on whether Rizzo would have received a raise/salary adjustment**
- **Info on compensation of comparable sanitation worker in Rizzo's garage (needed to calculate OT)**

I will send you the joint letter shortly.

Christina

[Quoted text hidden]

---

**Christina Martinez** <christinamartinezesq@gmail.com>                    Fri, Mar 28, 2025 at 11:10 AM
To: "Poole, Rodalton (LAW)" <ropoole@law.nyc.gov>
Cc: Jim Mermigis <MermigisLaw@gmail.com>

Hello Rodalton:

Please find attached joint letter regarding discovery dispute. I need to file this today. If I do not hear back from you, I will file it with the court and let the judge know you did not respond. I don't want to do this at all, but at this point I have to involve the judge to protect my client.

Thanks,
Christina

[Quoted text hidden]

 **Rizzo Joint ltr - discovery dispute 3-28-25.docx**
575K

---

**Poole, Rodalton (LAW)** <ropoole@law.nyc.gov>  Fri, Mar 28, 2025 at 11:25 AM
To: Christina Martinez <christinamartinezesq@gmail.com>

I'm on with my supervisor now. I'm calling you right after.

---

**From:** Christina Martinez <christinamartinezesq@gmail.com>
**Sent:** Friday, March 28, 2025 11:11 AM
**To:** Poole, Rodalton (LAW) <ropoole@law.nyc.gov>
**Cc:** Jim Mermigis <MermigisLaw@gmail.com>
**Subject:** Re: [EXTERNAL] Re: Rizzo - Discovery

Hello Rodalton:

Please find attached joint letter regarding discovery dispute. I need to file this today. If I do not hear back from you, I will file it with the court and let the judge know you did not respond. I don't want to do this at all, but at this point I have to involve the judge to protect my client.

Thanks,

Christina

On Thu, Mar 27, 2025 at 7:18 AM Christina Martinez <christinamartinezesq@gmail.com> wrote:

> Hello Rodalton:
>
> Today, I am moving to compel the production of the discovery we already agreed on:
>
> - **the DSNY Vaccine Mandate Reasonable Accommodation ("RA") spreadsheet**
> - **Number of Citywide Panel approvals for DSNY employees**
> - **Number of DSNY employees who continued working unvaccinated while their RA requests were pending**
> - **Info on whether Rizzo would have received a raise/salary adjustment**

- **Info on compensation of comparable sanitation worker in Rizzo's garage (needed to calculate OT)**

I will send you the joint letter shortly.

Christina

On Tue, Mar 25, 2025 at 10:44 PM Christina Martinez <christinamartinezesq@gmail.com> wrote:

> Dear Rodalton,
>
> I'm following up regarding the outstanding discovery in *Rizzo* to ensure I have everything that I need for the upcoming depositions:
>
> 1. **Document Demand No. 15/Interrogatory No. 5** – The City's objection to the document demand indicated that a search would be conducted for documents identifying the civil service title, rank, command, specific facilities, garages, and/or units of DSNY employees who were granted religious accommodations to the vaccine mandate. We discussed that other agencies such as FDNY and NYPD keep tracking spreadsheets. You confirmed that if such a spreadsheet exists, it will be produced and is currently being searched for. **This spreadsheet is vital for depositions. Can you please let me know if you will be producing this spreadsheet?**
>
> 2. **Citywide Panel Approvals** – You previously agreed during a meet and confer that the City would provide a number for the approvals granted by the Citywide Panel for both religious and medical accommodations, but you never did. **Please let me know if you are no longer producing this information.**
>
> 3. **Document Demand No. 18** – You agreed to provide the number of unvaccinated DSNY employees who continued working and testing while their reasonable accommodation requests were pending. This can be in the form of a number rather than documents. **Please let me know if you are no longer producing this information.**
>
> 4. **City's Undue Hardship Defense** – At our last meet and confer, we discussed narrowing the issues for trial regarding undue hardship. You indicated that you would follow up with the DSNY regarding whether the undue hardship defense is based on economic hardship or safety concerns. Interrogatories 9, 10, and 12, as well as Document Demand No. 37 requests financial costs associated with tracking compliance with weekly testing, and Demands Nos. 41-42 ask for information on COVID relief funds. If the City seeks to make use the financial cost of accommodation as its undue hardship defense, the Plaintiff will be moving to strike such a defense based upon the failure to provide any discovery on this issue.
>
> 5. **Document Request No. 51/Interrogatory No 23** – At our last meet and confer, you were looking into whether Rizzo would have received a raise, salary adjustments, or additional earnings had he continued working. **Please let me know if you are no longer producing this information, as I need it to calculate damages.**
>
> 6. **Document Request No. 54/Interrogatory No 24** – At our last meet and confer, we discussed obtaining records showing earnings and compensation of sanitation workers in Rizzo's garage with comparable seniority, including overtime. Our conversation shifted to potential settlement, so no agreement was reached. **Please let me know if you are no longer producing this information, as I need it to calculate damages.**
>
> [Quoted text hidden]
> [Quoted text hidden]

---

**Poole, Rodalton (LAW)** <ropoole@law.nyc.gov>                                                        Fri, Mar 28, 2025 at 12:50 PM

To: Christina Martinez <christinamartinezesq@gmail.com>

Hi Christina,

I just gave you a ring. I sent Sanitation a request for the number of RAs provided total and told them you need it by Monday. I've also asked Eric Eichenholtz for the number of approvals that the Panel provided.

As far as Mr. Rizzo's salary schedule is concerned, I can refer you to the CBA agreement, which is public record. Any information related to his retirement would likely come from NYCERS, and you'll have to request that yourself. Those would be his financial records. I'm going to object to other comparator information as not proportional to the needs of the case.

As far as money for the public relief money provided to the City, this is also public record. I believe Ilona sent you a link in her discovery responses in Hernandez. I can provide you the same link, but that's all we would have.

Is there anyway you can hold off on filing until Monday?

[Quoted text hidden]