UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x

MICHAEL RIZZO,

                             Plaintiffs,

         -against-

CITY OF NEW YORK,

                       Defendants.

---------------------------------------------------- x

**DEFENDANT CITY OF NEW YORK'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

23-cv-5460 (AS) (KHP)

         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant CITY OF NEW YORK ("Defendant") responds and objects to Plaintiff's First Request for the Production of Documents as follows:

## <u>GENERAL STATEMENT</u>

         1.   By responding to any request, Defendant does not concede the materiality of the subject to which it refers.  Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

         2.   Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained

therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the request for the production of documents, Defendant will provide, under separate cover, a privilege index, if appropriate.

## REQUESTS FOR DOCUMENTS

### DOCUMENT REQUEST NO. 1:

Any communications from reviewers or deciders of religious accommodation requests to the Vaccine Mandate asking for clarification, guidance, or help deciding religious accommodation requests to the Vaccine Mandate.

### OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to Request "1" on the grounds that it is not sufficiently limited in time or scope to allow for a reasonable response, and is overly broad, vague, and ambiguous in reference to "any communications," "reviewers and deciders," and "clarification, guidance, or help," and to the extent it seeks information that is not relevant or proportional to the needs of the case, and to the extent it seeks information which is protected from disclosure by the attorney-client, work product, deliberative process or other applicable privileges, and is private, privileged, and/or confidential information of non-parties to this action.

Consistent with, and without waiving, this objection, and construing this request as seeking documents related to the Plaintiff's alleged request an exemption from the Vaccine Mandate during the COVID-19 Pandemic and Defendant's responses, Plaintiff is referred to DEF000160 – DEF000178 and DEF000285 of Defendant's Initial Disclosure, the Citywide Panel Appeals Documents, bates stamped DEF 000286-91, the Sanitation Position Statement bates stamped DEF 000296-303, Office of Labor Relation documents, bates stamped DEF

000505-566, and the Sanitation Termination Papers bates stamped DEF 000667-671. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## DOCUMENT REQUEST NO. 2:

Any communications to or from individuals responsible with reviewing or making determinations for religious accommodation requests related to how to make determinations on accommodation requests, the criteria for reviewing and/or deciding religious accommodations requests, including the Plaintiff's request in particular, any other employees' request for religious accommodation to the Vaccine Mandate.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendant objects to Request "2" on the grounds that it is not sufficiently limited in time or scope to allow for a reasonable response, and is overly broad, vague, and ambiguous in reference to "any communications," "reviewing and making determinations," "how to make determinations on accommodation requests," and "the criteria for reviewing and/or deciding religious accommodations requests," and to the extent it seeks information that is not relevant or proportional to the needs of the case, and is duplicative of Request "1," and to the extent it seeks information which is protected from disclosure by the attorney-client, work product, deliberative process or other applicable privileges, and is private, privileged, and/or confidential information of non-parties to this action.

Consistent with, and without waiving, this objection, and construing this request as seeking communications related to the Plaintiff's alleged request for a religious accommodation and Defendant's responses, Plaintiff is referred to DEF000160 – DEF000178 and DEF000285 of

Defendant's Initial Disclosure. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

**DOCUMENT REQUEST NO. 3:**

Any documents including but not limited to communications to or from the Defendant regarding the use of aborted fetal cell lines in COVID-19 vaccinations, or the connection between abortion and COVID-19 vaccinations, including but not limited to documents relied upon or considered by the decision makers in deciding or evaluating religious accommodation requests to the Vaccine Mandate, communications with the Commissioner of Mental Health & Hygiene, communications with the reviewers or decision-makers of religious accommodation requests, communications with Arbitrators tasked with decided religious accommodation requests for certain City agencies, etc.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to Request "3" on the grounds that it is not sufficiently limited in time or scope to allow a  reasonable response, and is overly broad, vague, and ambiguous in reference to "the use of aborted fetal cell lines in COVID-19 vaccinations," "the connection between abortion and COVID-19 vaccinations," "reviewers," and "Arbitrators tasked with decided religious accommodation requests for certain City agencies, etc.," and to the extent it seeks information that is not relevant or proportional to the needs of the case, and to the extent it seeks information which is protected from disclosure by the attorney-client, work product, deliberative process or other applicable privileges, and is private, privileged, and/or confidential information of non-parties to this action, and seeks information that would be accessible to Plaintiff.

Consistent with, and without waiving, this objection, and construing this request as seeking documents related to the Plaintiff's alleged request for exemption to the Vaccine Mandate during the COVID-19 pandemic, including any allegation by Plaintiff that COVID-19 vaccines bear connection to aborted fetal cells, and Defendant's responses, which reference whether COVID-19 vaccinations contain aborted fetal cells or whether fetal cell lines were used in testing COVID-19 vaccinations, Plaintiff is referred to DEF 000130-285 of Defendant's Initial Disclosures. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## DOCUMENT REQUEST NO. 4:

All documents maintained by the Citywide Panel concerning Plaintiff's accommodation request from the Vaccine Mandate, including but not limited to the Citywide Panel spreadsheet which identifies the votes and rationale of the Citywide Panel members who decided Plaintiff's reasonable accommodation request.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Defendant objects to Request "4" on the grounds that it is not sufficiently limited in time or scope to allow a reasonable response, assumes facts not established, and is overly broad, vague, and ambiguous in reference to "All documents" and the "Citywide Panel spreadsheet which identifies the votes and rationale of the Citywide Panel members." Defendant further objects to the extent the request seeks information that is not relevant or proportional to the needs of the case, and that is protected from disclosure by the attorney-client, work product, deliberative process or other applicable privileges.

Consistent with, and without waiving, this objection, and construing this request as seeking the documents kept by the Citywide Panel related to Plaintiff's appeal, Plaintiff is referred to the documents bates stamped DEF000286 – DEF000289 and attached hereto.

## DOCUMENT REQUEST NO 5:

All documents maintained by DSNY concerning Plaintiff's accommodation request for a religious exemption from the Vaccine Mandate.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendant objects to Request "5" on the grounds that it is duplicative of prior requests for production, is not sufficiently limited in time or scope, and is overly broad, vague, and ambiguous in reference to "All documents," and to the extent it seeks information which is protected from disclosure by the attorney-client, work product, deliberative process or other applicable privileges.

Consistent with, and without waiving, this objection, and construing this request as a request for documents related to Plaintiff's accommodation request, Plaintiff is referred to the documents bates stamped numbers DEF000130-285 provided with Defendant's Initial Disclosure.

## DOCUMENT REQUEST NO 6:

All documents that Defendant's expert(s) have prepared, relied on, produced, utilized, referred to, transmitted, or communicated in connection with this matter, including all drafts or reports, completed reports, correspondence, manuals, textbooks, policy sheets, communications or other documents, including all mark-ups of each

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to Request "6" on the grounds that it is premature and presupposes the retention of experts at an early stage of litigation.

Consistent with, and without waiving, this objection, Defendant asserts that there are currently no documents responsive to this request.

**DOCUMENT REQUEST NO 7:**

Any and all documents and information disseminated to DSNY employees regarding the Vaccine Mandate, including documents regarding the reasonable accommodation process for the Vaccine Mandate.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to Request "7" on the grounds that it is not sufficiently limited in time or scope, and is overly broad, vague, and ambiguous in reference to "Any and all documents and information," "disseminated," and "reasonable accommodation process," and to the extent it seeks information protected by privilege including the deliberative process privilege, the attorney-client privilege, or the work product privilege, and seeks public information readily available and previously provided to Plaintiff during his employment with the New York City Department of Sanitation.

Consistent with, and without waiving, this objection, and construing Request "7" as a request for the Covid Vaccine Requirement, Plaintiff is referred to the documents bates stamped numbers DEF000292-295 attached hereto.

**DOCUMENT REQUEST NO 8:**

All documents comprising of the Defendant's policies, procedures, or protocols for the Vaccine Mandate.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendant objects to request "8" on the grounds that it is vague, ambiguous, and overly broad in reference to "All documents," is not sufficiently limited in time or scope to allow a reasonable response, and to the extent it seeks information that is not in the custody or control of Defendant, seeks information readily accessible to Plaintiff, is unduly burdensome to produce, is not relevant or proportional to the needs of the case, seeks documents protected by the deliberative process privilege, attorney-client privilege, the work product privilege or other privilege, and is duplicative of prior requests.

Consistent with, and without waiving, this objection, and construing Request "7" as a request for the Covid Vaccine Requirement, Plaintiff is referred to the documents bates stamped numbers 292-295 attached hereto.

## DOCUMENT REQUEST NO 9:

All documents comprising of the Defendant's policies, procedures, guidelines, or protocols for reasonable accommodations in effect in 2021 and 2022, including but not limited to those policies, procedures, guidelines or protocols on:

(a) Reasonable accommodations to the Vaccine Mandate;

(b) Cooperative dialogue;

(c) Interactive process;

(d) Undue hardship.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to Request No. 9 on the grounds that it is overly broad, vague, and ambiguous in reference to "All documents," is not sufficiently limited in scope to allow a reasonable response, seeks public information readily accessible to Plaintiff, seeks information protected by the deliberative process privilege, seeks information protected by the attorney-client privilege, the work product or other privilege, and is duplicative of prior requests.

Consistent with, and without waiving, this objection, and construing Request "7" as a request for Citywide EEO Policies and DSNY Covid Vaccine Requirements, Plaintiff is referred to DSNY Covid Vaccine Requirements bearing bates stamped numbers DEF 292-295, City EEO Policy bearing bates stamped numbers DEF 304-359, and City Handbook bearing bates stamped numbers DEF 306-374, all attached hereto.

**DOCUMENT REQUEST NO 10:**

Any and all documents, including but not limited to e-mails, communications, notes, charts, meeting minutes, memorandum, regarding Plaintiff's request for a religious accommodation to the Vaccine Mandate, including but not limited to any communications between the DSNY and the Citywide Panel regarding the Plaintiff, any communications to, from, or between the decision makers of Plaintiff's accommodation request regarding Plaintiff, etc.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to Request No. 10 on the grounds that it is overly broad, vague, and ambiguous in reference to "Any and all documents," is not sufficiently limited in time or scope

to allow a reasonable response, and to the extent its seeks information that is not relevant or proportional to the needs of the case and is protected from disclosure by the attorney-client, work product, deliberative process, or other privilege, and is duplicative of prior requests.

Consistent with, and without waiving, this objection, and construing Request "10" as a request for documents and records related to Plaintiff's accommodation request, Plaintiff is referred to DEF 001-303. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## DOCUMENT REQUEST NO 11:

All documents, records, and electronically stored information (ESI) that were uploaded or submitted by the DSNY to the Citywide Panel in connection with Plaintiff's appeal of the denial of his religious accommodation request. This includes, but is not limited to, any metadata reflecting the date and time each upload, the individual or entity responsible for the upload, and a description of the contents of each document.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Defendant objects to Request No. 11 on the grounds that it is duplicative of prior requests, is vague, ambiguous, and overly broad in reference to "All documents . . . uploaded or submitted," and to the extent it seeks information that is not sufficiently limited in time or scope, is not relevant or proportional to the needs of the case, and seeks information readily accessible and/or in the possession or custody of Plaintiff.

Consistent with, and without waiving, this objection, and construing Request "11" as a request for documents reviewed by the Citywide Panel in Plaintiff's appeal, Plaintiff is referred to DEF 000286-297 attached hereto.

**DOCUMENT REQUEST NO 12:**

Any and all documents, including but not limited to e-mails, communications, noted, meeting minutes, regarding the Plaintiff's termination.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to Response No. 12 on the grounds that it is vague and ambiguous in reference to "documents . . . regarding the Plaintiff's termination," overly broad in reference to "Any and all document," not sufficiently limited in time or scope to allow a reasonable response, seeks information not in the custody or control of Defendant, seeks information readily accessible to and in the custody and control of Plaintiff, and to the extent its seeks information that is not relevant or proportional to the needs of the case, and is protected from disclosure by the attorney-client, work product, deliberative process, or other privilege.

Consistent with, and without waiving, this objection, and construing Request "12" as a request documents in the custody of the New York City Department of Sanitation notifying Plaintiff of his termination or offering him reinstatement after his termination, Plaintiff is referred to the documents bearing bates stamped numbers DEF 000375-379 attached hereto. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production

schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

**DOCUMENT REQUEST NO 13:**

Any and all documents, including but not limited to communications, notes, memoranda, that are comprised of or related to the guidelines, criteria, guidance and/or standards used by the Defendant, including the DSNY, Citywide Panel, and any other individuals, to decide religious accommodation requests to the Vaccine Mandate, including but not limited to such guidelines, criteria, guidance, and/or standards regarding evaluating the sincerity and/or religious nature of objections to the Vaccine Mandate.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to Request 13 on the grounds that it is vague and ambiguous in reference to "Any and all documents," "comprise of or related to," "used by the Defendant," and "to decide religious accommodation requests," is overly broad and not sufficiently limited in time and scope to allow a reasonable response, would be unduly burdensome to produce, seeks documents not in the custody and control of Defendant, seeks documents readily available to Plaintiff by means less costly than discovery, seeks information made publicly available via the worldwide web, and to the extent it seeks information protected from disclosure by attorney-client privilege, deliberative process, attorney work produce or any other applicable privilege or doctrine.

Consistent with, and without waiving, this objection, and construing Request 13 as seeking documents describing the City's reasonable accommodation process, Plaintiff is referred to the DCAS EEO Handbook, bates stamped DEF 000360-374, the DCAS EEO Policy, bates

stamped DEF 000304-359, the DOHMH Reasonable Accommodation Guidance, bates stamped DEF 000567-569, the DCAS Reasonable Accommodation Procedural Guidelines, bates stamped DEF 0000570-611, and the NYC EEO Policy from 2021, bates stamped DEF000612-666, all attached hereto.

**DOCUMENT REQUEST NO 14:**

Any and all communications between the DSNY and the Citywide Panel regarding undue hardship.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to Request no. 14 on the grounds that it is overly broad, vague, and ambiguous in reference to "Any and all communications" and "undue hardship," is not sufficiently limited in time or scope to allow a reasonable response, seeks information that is not relevant or proportional to the needs of the case, and to the extent it seeks information protected from disclosure by the attorney-client, work product, deliberative process, or other applicable privilege.

Consistent with, and without waiving, this objection, and construing Request "14" as a request for emails in the possession of the New York City Department of Sanitation to and from the Citywide Panel regarding Plaintiff's appeal, Defendant states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

**DOCUMENT REQUEST NO 15**

All documents, including but not limited to communications, that identify the civil service title, rank, command, specific facilities, garages, and/or units of DSNY employees who were granted religious accommodations to the Vaccine Mandate.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 15:

Defendant objects to Document Request No. 15 on the grounds that it is overly broad and not sufficiently limited in time or scope to allow a reasonable response, seeks confidential and or privileged information of third parties, seeks information that is not relevant or proportional to the needs of the case, is unduly burdensome to produce, is vague, ambiguous and overbroad in reference to "All documents," and to the extent it seeks information protected by the attorney-client, work product, deliberative process, or other privilege.

Consistent with, and without waiving, this objection, and construing Request "15" as a request for documents and records related to Plaintiff's accommodation request, Plaintiff is referred to DEF 001-303. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## DOCUMENT REQUEST NO 16:

Any and all documents that identify the religion of all DSNY employees who were granted religious accommodations to the Vaccine Mandate.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 16:

Defendant objects to Document Request No. 16 on the grounds that it is overly broad and not sufficiently limited in time or scope to allow a reasonable response, seeks confidential and or privileged information on third parties, seeks information that is not relevant or proportional to the needs of the case, is unduly burdensome to produce, is vague, ambiguous, and overly broad in reference to "Any and all documents," and to the extent it seeks information protected by the attorney-client, work product, deliberative process, and other applicable privileges.

Consistent with, and without waiving, this objection, and construing Request "16" as a request for documents and records related to Plaintiff's religion in Plaintiff's accommodation request, Plaintiff is referred to DEF 000131-284 of Defendant's Initial Disclosure .

## DOCUMENT REQUEST NO 17:

All documents, including but not limited to communications, that identify the number of DSNY employees who objected to the COVID-19 vaccine based upon its connections with abortion or aborted fetal cell lines, who were granted religious accommodations to the Vaccine Mandate.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 17:

Defendant objects to Document Request No. 17 on the grounds that it is overly broad and not sufficiently limited in time or scope to allow a reasonable response, seeks confidential and or privileged information on third parties, seeks information that is not relevant or proportional to the needs of the case, is unduly burdensome to produce, is vague, ambiguous and overbroad in reference to "All documents," "objected to the COVID-19 vaccine based upon its connections with abortion or aborted fetal cell lines," and to the extent it seeks information protected by the attorney-client, work product, deliberative process and other applicable privileges.

Consistent with, and without waiving, this objection, and construing this request as seeking documents related to the Plaintiff's alleged request for an exemption to the Vaccine Mandate during the COVID-19 pandemic and Defendant's responses, which reference whether COVID-19 vaccinations contain aborted fetal cells or whether fetal cell lines were used in testing COVID-19 vaccinations, Plaintiff is referred to DEF 000131-284 of Defendant's Initial Disclosure. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## DOCUMENT REQUEST NO. 18

Any document or communications related to the number of unvaccinated DSNY employees who continued working while their reasonable accommodation requests to the Vaccine Mandate were pending.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 18

Defendant objects to Request No. 18 on the grounds that it is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is vague, ambiguous and overly broad in reference to "Any document or communications," "unvaccinated DSNY employees" and "continued working," seeks confidential and/or privileged information related to third parties, and to the extent it seeks information protected by attorney-client, work product, deliberative process, or other privilege, and is not relevant or proportional to the needs of the case.

**DOCUMENT REQUEST NO. 19**

Any and all documents or communications related to COVID-19 mitigation strategies or measures implemented or considered by the Defendant, such as ventilation, cleaning and sanitation, modified work schedule, masking, social distancing, daily health checks, temperature screening, symptoms checks, PCR testing, teleworking, isolation protocols, symptom -reporting systems, quarantine protocols, etc.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 19**

Defendant's object to Request 19 on the grounds that it vague and ambiguous in reference to "Any and all documents," "mitigation strategies," and "implemented or considered," overly broad and not sufficiently limited in scope to allow a reasonable response, seeks information not in the custody or control of Defendant's, seeks information made available to the public via the worldwide web, seeks information readily available to Plaintiff by means less costly than litigation, and to the extent it seeks information that is protected from disclosure by attorney-client privilege, attorney work produce, deliberative process, or any other applicable doctrine or privilege.

Consistent with, and without waiving this objection, and construing Request 19 as a request for documents demonstrating any vaccine policies adopted by the City to reduce the spread of COVID-19 amongst its staff during the COVID-19 pandemic, including efforts to Vaccinate staff, Plaintiff is referred to DEF 000567-569 and DEF 000292-000295.

**DOCUMENT REQUEST NO. 20**

All documents relating to the total number of religious and medical accommodations form the Vaccine Mandate granted to DSNY employees.

## OBJECTION(S) AND RESPONSES TO DOCUMENT REQUEST NO. 20

Defendant objects to Request No. 20 on the grounds that it is vague, ambiguous, and overly broad in reference to "All documents," is not sufficiently limited in time or scope to allow a reasonable response, seeks information that is not relevant or proportional to the needs of the case, seeks confidential and/or privileged information related to third parties, and to the extent it seeks information protected from disclosure by the attorney-client, work product, deliberative process, or other information, and seeks information not in the custody or control of Defendant.

## DOCUMENT REQUEST NO. 21

All documents, including but not limited to communications, that identify any individuals involved in the review, evaluation, and determination of Plaintiff's reasonable accommodation request to the Vaccine Mandate, from the DSNY, the Citywide Panel, and/or any other entities.

## OBJECTION(S) AND RESPONSES TO DOCUMENT REQUEST NO. 21

Defendant objects to Request No. 21 on the grounds that it is duplicative of prior requests, is vague, ambiguous and overbroad in reference to "All documents" and "any other entities," is not sufficiently limited in time or scope to allow a reasonable response, and to the extent it seeks information protected by attorney-client privilege, work product, deliberative process or other privilege.

Consistent with, and without waiving, this objection, and construing Request "21" as a request for documents related to Plaintiff's appeal to the Citywide Panel, Plaintiff is referred to DEF 000286-291. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## DOCUMENT REQUEST NO. 33[1]

All documents, including communications, regarding the use of aborted fetal cell lines in COVID-19 vaccinations or the connection between abortion and COVID-19 vaccination, provided, discussed with, shown to, or used by the reviewers of religious accommodation request to the Vaccine Mandate.

## OBJECTION(S) AND RESPONSES TO DOCUMENT REQUEST NO. 33

Defendant objects to Request No. 33 on the grounds that it is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is vague, ambiguous and overly broad in reference to "all documents," "regarding the use of aborted fetal cell lines in COVID-19 vaccinations," "the connection between abortion and COVID-19 vaccination," "discussed with," "shown to," "used," and "reviewers," and to the extent it seeks information beyond the custody or control of the Defendant, seeks public information readily accessible to

---

[1] All Requests following No. 21 are misnumbered in Plaintiff's Demand for Documents and range from Nos. 33-58. Defendant, therefore, adopts Plaintiff's numbering for the remaining responses to avoid confusion.

Plaintiff, is duplicative of prior requests, is not relevant or proportional to the needs of the case, seeks private, confidential, and/or privileged information of third parties including confidential medical information, and seeks information protected by the attorney-client, work product, deliberative process, or other applicable privilege.

Consistent with, and without waiving, this objection, and construing this request as seeking documents related to the Plaintiff's alleged request an exemption to the Vaccine Mandate during the COVID-19 pandemic and Defendant's responses, which reference whether COVID-19 vaccinations contain aborted fetal cells or whether fetal cell lines were used in testing COVID-19 vaccinations, Plaintiff is referred to DEF 000131-284. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## REQUEST NO. 34

All documents, including but not limited to communications, that are comprised of, identify, or are related to how the Defendant makes determinations regarding undue hardship for religious accommodation requests to the Vaccine Mandate, including but not limited to any relevant factors considered.

## OBJECTION(S) AND RESPONSES TO DOCUMENT REQUEST NO. 34

Defendant objects to Request No. 34 on the grounds that it is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is vague, ambiguous, and

overbroad in reference to "All documents," "how the Defendant makes determinations," and "regarding undue hardship," and to the extent it seeks information that is not relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, or other applicable privilege, and seeks confidential, private and/or privileged information of third parties.

Consistent with, and without waiving, this objection, and construing Request "34" as a request for Citywide EEO Policies and DSNY Covid Vaccine Requirements, Plaintiff is referred to DSNY Covid Vaccine Requirements bearing bates stamped numbers DEF 292-295, City EEO Policy bearing bates stamped numbers DEF 304-359, and City Handbook bearing bates stamped numbers DEF 306-374, all attached hereto. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## REQUEST NO. 35

All documents, including but not limited to communications, that [sic] are comprised of, identify, or are related to the training or education provided by Defendant to individuals involved in the review, evaluation, and determination of religious accommodation requests to the Vaccine Mandate.

## OBJECTIONS(S) AND RESPONSES TO DOCUMENT REQUEST NO. 35

Defendant objects to Request No. 35 on the grounds that it is vague, ambiguous, and overbroad in reference to "All documents" "training," "education," and "provided by

Defendant," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is argumentative, and to the extent it seeks information that is not relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, or other applicable privilege, and seeks confidential, private and/or privileged information of non-parties.

Consistent with, and without waiving, this objection, and construing Request "34" as a request for Citywide EEO Policies and DSNY Covid Vaccine Requirements, Plaintiff is referred to DSNY Covid Vaccine Requirements bearing bates stamped numbers DEF 292-295, City EEO Policy bearing bates stamped numbers DEF 304-359, and City Handbook bearing bates stamped numbers DEF 306-374, all attached hereto. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## REQUEST NO. 36

All documents, including but not limited to communications that identify any potential accommodations to the Vaccine Mandate Defendant considered for Plaintiff and any other DSNY Sanitation Workers.

## OBJECTIONS(S) AND RESPONSES TO DOCUMENT REQUEST NO. 36

Defendant objects to Request No. 36 on the grounds that it is vague, ambiguous, and overly broad in reference to "All documents," "any," "potential accommodations," and "considered," is argumentative, is overly broad and not sufficiently limited in time or scope to

allow a reasonable response, and to the extent it seeks information that is not relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, or other applicable privilege, and seeks confidential, private and/or privileged information of third parties.

Consistent with, and without waiving, this objection, and construing this request as seeking documents related to the Plaintiff's alleged request for a religious accommodation and Defendant's responses, Plaintiff is referred to DEF000160 – DEF000178 and DEF000285 of Defendant's Initial Disclosure. Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

**REQUEST NO. 37**

All documents, including but not limited to communications, that identify or are related to the cost of tracking compliance with weekly PCR submissions while the Vaccine mandate was in effect.

**OBJECTIONS(S) AND RESPONSES TO DOCUMENT REQUEST NO. 37**

Defendant objects to request No. 37 on the grounds that it is overly broad, not sufficiently limited in time or scope to allow a reasonable response, is vague, ambiguous and overly broad in reference to "All documents," :related to cost of tracking compliance with weekly PCR submissions," and "while the Vaccine mandate was in effect," and to the extent it seeks information not in the possession, custody or control of the Defendant, seeks information that is

readily and more easily accessible to Plaintiff than through means of litigation, is not relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, or other applicable privilege, and seeks confidential, private and/or privileged information of third parties.

## REQUEST NO. 38

All of the DSNY's policies, guidelines, and procedures, regarding discrimination and diversity and inclusion in the workplace in effect in 2021 and 2022, including but not limited to:

    (a) The City's Equal Employment Opportunity Policy;

    (b) What Know About Equity, Inclusion, and EEO Handbook;

    (c) Reasonable Accommodations at a Glance;

    (d) DSNY's Equal Employment Opportunity Policy.

## OBJECTION(S) AND RESPONSES TO DOCUMENT REQUEST 38

Defendant objects to Request 38 on the grounds that it is duplicative of previous requests, seeks information readily accessible to Plaintiff, is vague, ambiguous, and overbroad, in reference to "All of the DSNY's policies, guidelines, and procedures" and "diversity and inclusion" and to the extent it seeks information that is not relevant or proportional to the needs of the case.

Consistent with, and without waiving, this objection, and construing Request "38" as a request for the CITY EEO Policy and Vaccine Policy, Plaintiff is referred to DEF 000296-295, and DEF 000304-374.

## REQUEST NO. 39

All documents, including but not limited to communications, complaints, records, investigation reports, that related to complaints against or to the Defendant regarding the reasonable accommodation process to the Vaccine Mandate, or the denial or reasonable accommodation requests to the Vaccine Mandate, including but not limited to complaints made to DSNY's Office of Equity, Diversity, & inclusion, Department of Citywide Administrative Services,

Citywide Equity and Inclusion Office, the New York City Commission for Human Rights, the New York State Division of Human Rights, the Equal Employment Opportunity Commission.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST 39

Defendant objects to Request No. 39 on the grounds that it is vague, ambiguous, and overly broad in reference to "All documents," "complaints," "against or to the Defendant," "the reasonable accommodation process to the Vaccine Mandate," and "the denial or reasonable accommodation requests to the Vaccine Mandate," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, and to the extent it seeks information that is not relevant or proportional to the needs of the case, would be unduly burdensome to produce, and is protected from disclosure by the attorney-client, work product, or deliberative process, or other applicable privilege, seeks public information readily accessible to the Plaintiff, seeks information that is not in the custody, possession or control of Defendant, and seeks confidential, private and/or privileged information of third parties.

Consistent with, and without waiving, this objection, and construing this request as seeking documents related to any complaint made by Plaintiff to Defendant regarding the denial

of Plaintiff's request for an exemption of the COVID-19 vaccination requirement, Plaintiff is referred to the documents kept by the Citywide Panel related to Plaintiff's appeal, bearing bates stamped DEF000286 – DEF000289 and attached hereto.

Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

**REQUEST NO. 40**

Job applications, resume, performance reviews, disciplinary records, termination notices, and any complaints regarding discrimination or accommodations for all individuals who reviewed, evaluated, and determined Plaintiff's reasonable accommodation request.

**OBJECTION(S) TO DOCUMENT REQUEST 40**

Defendant objects to Request No. 40 on the grounds that it is vague, ambiguous, and overly broad in reference to "Job applications," "resume," "performance reviews," "disciplinary records," "termination notices," "any complaints," "discrimination," "accommodations," "reviewed," "evaluated," and "determined," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, seeks information that is not relevant or proportional to the needs of the case, would be unduly burdensome to produce, and to the extent it seeks information protected by the attorney-client, work product, deliberative process, or other applicable privilege, and seeks confidential/private and/or privileged information of non-parties

## REQUEST NO. 41

All documents, communications, and records identifying any COVID-19 relief funds received by the City of New York or the DSNY from any state, federal, or private entity, including but not limited to the CARES Act, American Rescue Plan, or any other COVID-related financial assistance programs.

## OBJECTION(S) TO DOCUMENT REQUEST 41

Defendant objects to Request 41 on the grounds that it is vague, ambiguous, and overly broad in reference to "All documents, communications, and records identifying any COVID-19 relief funds . . . [or] COVID-related financial assistance programs," seeks information readily available to Plaintiff through means other than litigation, is overly broad and not sufficiently limited in time or scope to allow reasonable response, would be unduly burdensome to produce, and to the extent it seeks information that is not relevant or proportional to the needs of the case, seeks information from third parties and not in the custody and control of Defendant, seeks information protected by privileges, including governmental privilege, legislative privilege, deliberative process privilege, work product, and attorney-client privilege, .

## REQUEST NO. 42

All documents showing how COVID-19 relief funds were allocated or used by the City of New York or the DSNY, particularly in relation to health and safety measures, PPE, testing, or accommodations for employees.

## OBJECTION(S) TO DOCUMENT REQUEST 42

Defendant objects to Request 42 on the grounds that it is vague, ambiguous, and overly broad in reference to "All documents," "showing how COVID-19 relief funds were allocated or used by the City of New York or the DSNY," and "particularly in relation to health and safety measures, PPE, testing, or accommodations for employees," and to the extent that it seeks information readily available to Plaintiff through means less costly than discovery, is overly broad and not sufficiently limited in time or scope to allow a reasonable response, would be unduly burdensome to produce, is not relevant or proportional to the needs of the case, seeks information from third parties and not in the custody and control of Defendant, seeks information protected by privileges, including governmental privilege, legislative privilege, deliberative process privilege, work product and attorney-client privilege.

## REQUEST NO. 43

Any documents, communications, or records, including studies, reports, or assessments of how reasonable accommodations (such as weekly PCR testing or use of PPE) impacted DSNY operations or workplace safety during the COVID-19 pandemic.

## OBJECTION(S) TO DOCUMENT REQUEST 43

Defendant objects on the grounds that Request 43 is vague, ambiguous, and overly broad in reference to "All documents . . .," "studies, reports, or assessments" and "how reasonable accommodations (such as weekly PCR testing or use of PPE) impacted DSNY," "operations or workplace safety," and "during the COVID-19 pandemic," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, would be unduly burdensome to produce, and to the extent it seeks information readily available to Plaintiff through means less costly than discovery, that is not relevant or proportional to the needs of the case, is duplicative

of prior requests, is protected from disclosure by the attorney-client, work product, deliberative process, or other applicable privilege, and seeks confidential/private and/or privileged information of non-parties.

## REQUEST NO. 44

Any documents, communications, or records, including internal or external reports, assessments, or analyses discussing the impact of COVID-19 safety measures (such as PPE, weekly PCR testing, antibody testing, or social distancing) on the ability of employees with reasonable accommodations to the Vaccine Mandate to safely perform their duties without posing a danger to colleagues of the public.

## OBJECTION(S) TO DOCUMENT REQUEST 44

Defendant objects on the grounds that Request 43 is vague, ambiguous, and overly broad in reference to "All documents . . .," "external," "assessments," "analyses," "discussing the impact of COVID-19," "safety measures (such as PPE, weekly PCR testing, antibody testing, or social distancing)," "on the ability of employees with reasonable accommodations to the Vaccine Mandate to safely perform their duties without posing a danger to colleagues of the public," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, would be unduly burdensome to produce, and to the extent it seeks information readily available to Plaintiff through means less costly than discovery, is not relevant or proportional to the needs of the case, is duplicative of prior requests, is protected from disclosure by the attorney-client, work product, deliberative process, or other applicable privileges, and seeks confidential/private and/or privileged information of non-parties.

## REQUEST NO. 45

Any documents, communications, or records, identifying what reasonable accommodation(s) would be provided to DSNY employees who were granted reasonable accommodations to the Vaccine Mandate.

## OBJECTION(S) TO DOCUMENT REQUEST NO. 45

Defendant objects to Request No. 45 on the grounds that it is vague, ambiguous, and overly broad with reference to "Any documents . . .," "identifying what reasonable accommodation(s) would be provided," and "DSNY employees who were granted reasonable accommodations to the Vaccine Mandate," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, assumes facts not established, is speculative and argumentative, and to the extent it seeks confidential/private and/or privileged information related to third parties, seeks information protected by the attorney-client, work product, deliberative process, or other privilege, is not relevant or proportional to the needs of the case, and is duplicative of prior requests.

## REQUEST NO. 46

All documents, records, and electronically stored information that the Defendant intends to rely upon to support or prove any of its affirmative defenses in this action

## OBJECTION(S) TO DOCUMENT REQUEST NO. 46

Defendant objects to Request No. 46 on the grounds that it is vague, ambiguous  and overbroad in reference to "All documents . . . Defendant intends to rely on." is premature, and to the extent

it seeks information protected by the attorney-client, work product, deliberative process, or other applicable privilege.

Consistent with, and without waiving, this objection, and construing this request as seeking documents Defendant has produced pursuant to Fed. R. Civ. P. 26(a) and/or in response to Plaintiff's demands for the production of documents, Plaintiff is referred to the documents bearing bates stamped DEF000001 – DEF000000666.

Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

**REQUEST NO. 47**

Any documents or communications that discuss, assess, or quantify the safety risks associated with accommodating Defendant's employees with religious objections to the COVID-19 vaccine.

**OBJECTION(S) AND RESPONSES TO REQUEST NO. 47**

Defendant objects to Request No. 47 on the grounds that it is vague, ambiguous, and overly broad with regard to "All documents and communications," "discuss, assess, or quantify the safety risks," "associated with accommodating," and "Defendant's employees with religious objections," is overly broad and not sufficiently limited in time or scope to allow a reasonable

response, assumes facts not established, and to the extents it seeks information readily available to Plaintiff through means less costly than discovery, would be unduly burdensome to produce, is not relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, or other applicable privileges, and is confidential/private and/or privileged information of non-parties.

## REQUEST NO. 48

All documents, communication, reports, or analyses that support or related to undue hardship in accommodating DSNY employees from the Vaccine Mandate, including but not limited to, the Plaintiff's request for a religious accommodation.

## OBJECTION(S) AND RESPONSES TO REQUEST NO. 48

Defendant objects to Request No. 48 on the grounds that it is duplicative of prior requests, is vague, ambiguous, and overly broad with reference to "All documents . . . ," and "related to undue hardship in accommodating," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, and to the extent it seeks the private, confidential and/or privileged information of third parties, seeks information protected by attorney-client work product, deliberative process or other applicable privilege, seeks information readily available to Plaintiff through means less costly than discovery, and is not relevant or proportional to the needs of the case.

Consistent with, and without waiving, this objection, and construing this request as seeking documents related to Plaintiff's alleged request for a religious accommodation and Defendant's responses, Plaintiff is referred to the documents bates stamped DEF 000131-284.

Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## REQUEST NO. 49

All documents, studies,  or analysis that the Defendant will rely upon to demonstrate that accommodating Plaintiff's religious objections to the COVID-19 vaccine posed a significant cost or danger to the Defendant's operations or workforce.

## OBJECTION(S) AND RESPONSES TO REQUEST NO. 49

Defendant objects to Request No. 49 on the grounds that it is duplicative of prior requests, is vague, ambiguous and overly broad with reference to "All documents, studies, or analysis" and "to demonstrate that accommodating Plaintiff's religious objections to the COVID-19 vaccine posed a significant cost," and "danger to the Defendant's operations or workforce," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, and to the extent its seeks information readily available to Plaintiff by means less costly than discovery, seeks information not in the custody and control of Defendant, seeks information that is not relevant or proportional to the needs of the case, would be unduly burdensome to produce, seeks information protected by governmental privilege, attorney-client privilege, work product, deliberative process privilege, or other applicable privilege, and is premature in its request for documents Defendant's "will rely upon."

Consistent with, and without waiving, this objecting, Defendant further states that it will conduct a search of the DSNY email mailbox(es) of agreed-upon custodian(s) using agreed-upon search terms and date ranges and will set forth a production schedule for these emails by 30 days after the parties meet and confer and agree to such search terms, custodian(s), and a date range.

## REQUEST NO. 50

All documents, records, and communications identifying Plaintiff's salary, including pay stub, salary schedules, or payroll records, for the last five years of Plaintiff's employment.

## OBJECTION(S) AND RESPONSES TO REQUEST NO. 50

Defendant objects to Request No. 50 on the grounds that it is overly broad and not sufficiently limited in scope to allow a reasonable response, is vague, ambiguous, and overly broad in reference to "All documents . . . identifying Plaintiff's salary," and to the extent it seeks information not in the custody or control of Defendant, is not relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, and/or other applicable privilege, and seeks information readily available to Plaintiff through means less costly than discovery.

Consistent with, and without waiving, this objection, and construing Request "50" as a request for Plaintiff's personnel records, which includes documents demonstrating Plaintiff's salary and compensation throughout his tenure as a sanitation worker with DSNY, Plaintiff is referred to Plaintiff's personnel records bates stamped DEF 000375-504 and attached hereto.

**REQUEST NO. 51**

All documents and records identifying the salary Plaintiff would have earned had he continued working into the present, including any information regarding retroactive raises or salary adjustments for DSNY employees.

## OBJECTION(S) AND RESPONSES TO REQUEST NO. 51

Defendant objects to Request No. 51 on the grounds that it is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is vague, ambiguous, and overly broad in reference to "All documents and records," "identifying the salary Plaintiff would have earned," "had he continued working into the present," and "any information regarding retroactive raises or salary adjustments for DSNY employees," assumes facts not established, is speculative and argumentative, and to the extent it seeks information not in the custody or control of Defendant, is not relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, and/or other applicable privilege, and seeks information readily available to Plaintiff by means less costly than litigation.

Consistent with, and without waiving, this objection, and construing Request "51" as a request for Plaintiff's personnel records, which includes documents demonstrating Plaintiff's salary and compensation throughout his tenure as a sanitation worker with DSNY, Plaintiff is referred to Plaintiff's personnel records bates stamped DEF 000375-504 and attached hereto.

**REQUEST NO. 52**

Any documents or records reflecting the value of Plaintiff's pension, including his pension plan, contributions made by the City, and any other records indicating the amount entitled to upon retirement.

## OBJECTION(S) AND RESPONSES TO REQUEST NO. 52

Defendant objects to Request No. 52 on the grounds that it is vague, ambiguous, and overly broad in reference to "Any documents or records," "reflecting the value of Plaintiff's pension, including his pension plan," "contributions made by the City," and "any other records indicating the amount entitled to upon retirement," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, assumes facts not established, is speculative and argumentative, and to the extent it seeks information not in the custody or control of Defendant, is not relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, and/or other applicable privilege, seeks information readily accessible to Plaintiff by means less costly than discovery, and is duplicative of prior requests.

Consistent with, and without waiving, this objection, and construing Request "52" as any documents currently known to by DSNY to contain information on Plaintiff's pension, Plaintiff is referred to his personnel records bates stamped DEF 000375-504 and attached hereto.

## REQUEST NO. 53

All documents and records reflecting the value of any benefits Plaintiff received as part of his employment with the DSNY, including but not limited to health insurance, life insurance, retirement benefits, and other compensation or perks.

**OBJECTION(S) AND RESPONSES TO REQUEST NO. 53**

Defendant object to Request No. 53 on the grounds that it is vague, ambiguous, and overly broad in reference to "Any documents and records," "reflecting the value of any benefits," "retirement benefits," and "other compensation or perks," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, assumes facts not established, is speculative and argumentative, and to the extent seeks information that is not relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, and/or other applicable privilege, seeks information readily accessible to Plaintiff by means less costly than discovery, is duplicative of prior requests, and seeks information in the custody and control of Plaintiff and not of Defendant.

Consistent with, and without waiving, this objection, and construing Request "53" as any documents currently known to by DSNY to contain information on Plaintiff's past benefits, Plaintiff is referred to his personnel records bates stamped DEF 000375-504 and attached hereto.

**REQUEST  NO. 54**

Any records showing the earnings and compensation of Sanitation Workers with comparable seniority to Plaintiff, including their base salary, bonusses, overtime, and pension contributions,

from February 2022 to the present, for the purpose of calculating from pay and pension entitlements.

**OBJECTION(S) AND RESPONSES TO REQUEST NO. 54**

Defendant objects to Request No. 54 on the grounds it is vague, ambiguous, and overly broad with reference to "Any records" "showing the earnings and compensation of" "Sanitation workers with comparable seniority to Plaintiff," and "for the purpose of calculating from pay and pension entitlements," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, and to the extent it seeks information that is not relevant or proportional to the needs of the case, is not in the custody or control of Defendant, and is protected from disclosure by the attorney-client, work product, deliberative process, and/or other applicable privilege.

**REQUEST NO. 55**

All documents identifying Plaintiff's employment benefits, including but not limited to pensions and their values, health insurance, life insurance, any employer matching of 401k contributions, and any other benefits.

**OBJECTION(S) AND RESPONSES TO REQUEST NO. 55**

Defendant objects to Request No. 55 on the grounds that it is vague, ambiguous and overly broad in reference to "All documents," "identifying Plaintiff's employment benefits," "pensions and their values," "any employer matching of 401k contributions, and "any other benefits," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, assumes facts not established, is speculative and argumentative, and to the extent seeks information that is not

relevant or proportional to the needs of the case, is protected from disclosure by the attorney-client, work product, deliberative process, and/or other applicable privilege, is duplicative of prior requests, seeks information readily available to plaintiff through means less costly than discovery and which are made available to the public via the world wide web, and seeks information in the custody of third parties and/or beyond the custody and control of Defendant,.

## REQUEST NO. 56

All employee benefits manuals of handbooks applicable to Plaintiff during 2022 to the present, including any policies or procedures regarding employee benefits and pension plans.

## OBJECTION(S) AND RESPONSES TO REQUEST NO. 56

Defendant objects to Request No. 56 on the grounds that it is vague, ambiguous, and overly broad with regard to "All employees benefits manuals of handbooks applicable to Plaintiff" and "any policies or procedures regarding employee benefits and pension plans," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, and to the extent it is duplicative of prior requests, seeks information readily available to Plaintiff by means less costly than discovery and which are made available to the public via the world wide web, seeks information in the custody and control of Plaintiff, seeks information in the custody and control of third parties, seeks information not in the custody or control of Defendant, and is not relevant or proportional to the needs of the case.

## REQUEST NO. 57

All pension plan descriptions and related documents applicable to Plaintiff from 2022 to the present, including any policies or procedures on pension contributions, and the value of pension benefits for active, retired, and vested employees.

## OBJECTION(S) AND RESPONSES TO REQUEST NO. 57

Defendant objects to Request No. 57 on the grounds that it is vague, ambiguous, and overly broad with regard to "All pension plan descriptions and related documents applicable to Plaintiff," "any policies or procedures on pension contributions," and "the value of pension benefits for active, retired, and vested employees," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is duplicative of prior requests, and to the extent it seeks information readily available to Plaintiff by means less costly than discovery and which are made available to the public via the world wide web, seeks information in the custody and control of Plaintiff, seeks information in the custody and control of third parties, seeks information not in the custody or control of Defendant, is protected from disclosure by the attorney-client, work product, deliberative process, and/or other applicable privilege, and is not relevant or proportional to the needs of the case.

## REQUEST NO. 58

A complete copy of the Collective Bargaining Agreement(s) ("CBA") between Plaintiff's union and the City, which was in effect from 2022 through the present.

## OBJECTION(S) AND RESPONSES TO REQUEST NO. 58

Defendant objects to Request No. 58 on the grounds that it is vague, ambiguous, and overly broad in reference to "Plaintiff's union," seeks information readily accessible to Plaintiff by means less costly than discovery and which is available to the public via to world wide web, and to the extent it seeks information that is not relevant or proportional to the needs of the case.

Consistent with, and without waiving, this objection, and construing Request "58" requesting the Collective Bargaining agreement of the Uniformed Sanitationmen's Association, local 831, entered December 2021, Plaintiff is referred to https://www.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/sanitation-workers-01-20-2019%20-12-27-2022.pdf for digital access to this public and fully published record and to DEF 000505-000566.

Dated:      New York, New York
            January 28, 2025

                        **MURIEL GOODE-TRUFANT**
                        Corporation Counsel of the
                         City of New York
                        *Attorney for Defendant*
                        100 Church Street, 2nd Floor
                        New York, New York 10007
                        (212) 356-2441

                        By:    /s/ *Rodalton J. Poole*

                        Rodalton J. Poole
                        *Assistant Corporation Counsel*

TO:    Christina Martinez
        Attorney for the plaintiff
        245 Bricktown Way, Suite J
        State Island, NY 10309
        ChristinaMartinezEsq2gmail.com