UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x

MICHAEL RIZZO,

                          Plaintiffs,

         -against-

NEW YORK CITY DEPARTMENT OF
SANITATION, ET AL.



                       Defendants.

-------------------------------------------------- x

**<ins>DEFENDANT'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES</ins>**

23-cv-7190 (JAV)

           Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and the Local Civil

Rules for the United States District Courts for the Southern and Eastern Districts of New York,

Defendant, the City of New York, by and through its attorney, Muriel Goode-Trufant, Corporation

Counsel of the City of New York, hereby responds and objects to Plaintiff's First Set of

Interrogatories as follows:

<ins>**GENERAL STATEMENTS AND OBJECTIONS**</ins>

           1.      By responding to any interrogatory Defendant does not concede the

materiality of the subject to which it refers.  Defendant's responses are made expressly subject to,

and without waiving or intending to waive, any questions or objections as to the competency,

relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of

the documents or information produced, or of the subject matter thereof, in any proceeding

including the trial of this action or any subsequent proceeding.

           2.      Inadvertent production of any document or information that is privileged,

was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that information, document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such information, document, or the information contained therein during any proceeding in this litigation or otherwise.

3.    With respect to any request for the production of documents, if Defendant is withholding any documents, the responses shall explicitly state that documents are being withheld and Defendant will provide, under separate cover, a privilege log as soon as practicable.

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORY 1

Identify all individuals who were directly involved in the review, consideration, or decision-making process regarding the denial of Plaintiff's religious accommodation request to the Vaccine Mandate. For each individual, specify their role in the process and the information or knowledge they possess related to the denial.

### RESPONSES AND OBJECTIONS TO INTERROGATORY 1

Defendant objects to Interrogatory 1 on the grounds that it is vague, ambiguous, and overbroad in reference to "all individuals," "directly involved in the review, consideration, or decision-making process," and "information or knowledge,"  is overly broad and not sufficiently limited in time or scope to allow a reasonable response, to the extent it calls for a narrative and is beyond the scope of Local Civil Rule 33.3, and it is not a more practical method of obtaining the information sought than a request for production or a deposition, and to the extent it seeks information protected from disclosure by attorney-client privilege, deliberative process, or any other applicable privileges, or the doctrine of attorney work product, and to the extent it seeks information in the custody and control of Plaintiff.

Consistent with, and without waiving this objection, and construing Interrogatory 1 as seeking the names of the DSNY employees known to have made assessments and determinations regarding Plaintiff's request for an exemption to the Vaccine Mandate, Defendant responds as follows:

1. Ryan David, Director of Office of Equity, Diversity & Inclusion, NYC Dept. of Sanitation

**INTERROGATORY 2**

Identify all persons who decided Plaintiff's religious accommodation request to the Vaccine Mandate on behalf of DSNY.

**RESPONSES AND OBJECTIONS TO INTERROGATORY 2**

Defendant objects to Interrogatory 2 on the grounds that it is vague, ambiguous, overbroad and unintelligible in reference to "all persons who decided Plaintiff's religious accommodation request . . .", and is overly broad and not sufficiently limited in time or scope to allow a reasonable response.

Consistent with, and without waiving this objecting, and construing Interrogatory 1 as seeking the names of the DSNY employees known to have made assessments and determinations regarding Plaintiff's request for an exemption from the Vaccine Mandate, Plaintiff is referred to Defendants' Response to Interrogatory 1.

**INTERROGATORY 3**

Identify all persons who decided Plaintiff's religious accommodation request to the Vaccine Mandate on behalf of the Citywide Panel.

**RESPONSES AND OBJECTIONS TO INTERROGATORY 3**

Defendant objects to Interrogatory 3 on the grounds that it is vague, ambiguous, overbroad and unintelligible in reference to "all persons who decided Plaintiff's religious accommodation request . . ." is overly broad and not sufficiently limited in time or scope to allow a reasonable response, and seeks information provided to Plaintiff through prior disclosures.

## INTERROGATORY 4

Identify all documents that outline, describe, or contain the standards, criteria or factors used by the DSNY in deciding religious accommodation requests to the Vaccine Mandate. For each document, please provide the name of the custodian(s), the location, and general description of any such documents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 4

Defendant objects to Interrogatory 4 on the grounds that it is vague and ambiguous and overbroad in reference to "all documents," "that outline, describe, or contain the standards, criteria or factors used by the DSNY" and "deciding religious accommodation request," assumes facts not admitted, is disproportional to the needs of the case, seeks documents readily available to Plaintiff through less costly means than discovery and which are available to the public via the worldwide web, seeks information not in the custody or control of the Defendants, and would be unduly burdensome to produce, and to the extent it seeks information protected from disclosure by attorney-client privilege, deliberative process, or any other applicable privileges, or the doctrine of attorney work product.

Consistent with, and without waiving this objection, and construing Interrogatory 4 as a request to identify documents pertaining to the City's Equal Employment Opportunity Policy, which includes information on reasonable accommodations for its employees, Defendant responds:

1. NYC EEO Policy – this document has been provided to Plaintiff in response to Plaintiff's Requests to Produce (DEF 000304-359) and is available via the worldwide web;

2. NYC EEO Handbook – this document has been provided to Plaintiff in response to Plaintiff's Requests to Produce (DEF 000375-504) and is available via the world wide web;

3. NYC Department Health and Mental Hygiene Reasonable Accommodation Guidelines – this document has been provided to Plaintiff in response to Plaintiff's Requests to Produce (DEF 000567-569) and is available via the world wide web;

4. DCAS Reasonable Accommodation Guidelines – this document has been provided to Plaintiff in response to Plaintiff's Requests to Produce (DEF 000570-611) and is available via the world wide web;  and

5. City EEO Policy – 2021 – this document has been provided to Plaintiff in response to Plaintiff's Requests to Produce (DEF 000612-666) and is available via the world wide web.

**INTERROGATORY 5**

Identify all documents that track how many DSNY employees were granted religious accommodations to the Vaccine Mandate, providing the custodian, location, and general description of any such documents.

**RESPONSES AND OBJECTIONS TO INTERROGATORY 5**

Defendant objects to Interrogatory 5 on the grounds that it is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is vague and ambiguous and overbroad in reference to "all documents that track how many DSNY employees were granted religious accommodations to the Vaccine Mandate," would be unduly burdensome to produce, is not proportional to the needs of the case, seeks private and/or confidential information on non-parties, and to the extent it seeks information protected from disclosure by the attorney-client privilege, work product, deliberative process, or any other applicable privileges, and to the extent it is not relevant or proportional to the needs of the case

**INTERROGATORY 6**

Identify all documents that outline, describe, or contain the standards, criteria or factors used in deciding religious accommodation requests used by the Citywide Panel in deciding religious accommodation requests to the Vaccine Mandate. For each document, please provide the name of the custodian(s), the location of the document(s), and a general description of their contents.

**RESPONSES AND OBJECTIONS TO INTERROGATORY 6**

Defendant objects to Interrogatory 6 on the grounds that is vague and ambiguous and overbroad in reference to "all documents that outline . . . criteria or factors," assumes facts not established, is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is not

proportional to the needs of the case, seeks information provided to Plaintiff through prior disclosures, and to the extent it seeks documents protected from disclosure by attorney-client privilege, deliberative process, or any other privilege or because it is attorney work product.

## **INTERROGATORY 7**

Identify all individuals involved in determining the specific reasonable accommodations  (e.g. masking, weekly PCR Testing, or other accommodations) granted to DSNY employees in response to request for reasonable accommodation to the Vaccine Mandate.

## **RESPONSES AND OBJECTIONS TO INTERROGATORY 7**

Defendant objects to Interrogatory 7 on the grounds that it is vague and ambiguous and overbroad in reference to "all individuals involved" and "the specific reasonable accommodation," it assumes facts not established, is overly broad and not sufficiently limited in time and scope to allow a reasonable response, is not proportionate the needs of the case, would be unduly burdensome to produce, seeks confidential and/or private information on non-parties, and to the extent it seeks information protected from disclosure by attorney-client privilege, deliberative process, and any other applicable privilege.

## **INTERROGATORY 8**

Identify any documents that detail or identify the specific reasonable accommodation (e.g. masking, weekly PCR testing, or other accommodations) granted to DSNY employees in response to requests for reasonable accommodation to the Vaccine Mandate.  For each document, please provide the name of the custodian(s), the location of the document(s), and a general description of their contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 8

Defendant objects to Interrogatory 8 on the grounds that it is vague and ambiguous and overbroad in reference to "any documents that detail or identify," is overly broad and not sufficiently limited in time and scope to allow a reasonable response, is not proportional to the needs of the case, assumes facts not established, seeks the private and/or confidential information of non-parties, seeks information not in the custody or control of Defendant, and to the extent it seeks information protected from disclosure by attorney-client privilege, deliberative process, or any other privilege, or because it is attorney work product.

## INTERROGATORY 9

Identify any documents that identify or detail any COVID-19 relief funds received by Defendant from any state, federal, or private entity, including but not limited to funds received through the CARES Act, the American Rescue Plan, or any other COVID-related financial assistance programs. For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 9

Defendant objects to Interrogatory 9 on the grounds that it is vague and ambiguous and overbroad in reference to "any documents" and "identify or detail," and "any COVID-19 relief funds," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, seeks information not in the custody or control of Defendants, seeks information readily accessible to Plaintiff by means less costly than discovery, seeks information made available to the public, assumes facts not established, is not proportional to the needs of the case, and to the extent it seeks

information protected from disclosure by attorney-client privilege, deliberative process, or any other privilege or because it is attorney work produce.

## INTERROGATORY 10

Identify any documents that show whether COVID-19 relief funds received by Defendant were used to offset costs associated with accommodating City employees, including costs for weekly PCR testing, personal protective equipment (PPE), or other safety measures. For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 10

Defendant objects to Interrogatory 10 on the grounds that it is vague and ambiguous and overbroad in reference to "any documents," "that show whether COVID-19 relief funds received by Defendant," "were used to offset costs," and "associated with accommodating City employees," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, seeks information not in the custody or control of Defendants, seeks information readily accessible to Plaintiff by means less costly than discovery, assumes facts no established, is not relevant and proportional to the needs of the case, seeks information made available to the public, and to the extent it seeks information protected from disclosure by attorney-client privilege, deliberative process, or any other privilege, or because it is  attorney work produce.

## INTERROGATORY 11

Identify any documents that discuss the impact of COVID-19 safety measures, such as personal protective equipment (PPE), weekly PCR testing, antibody testing, or social distancing, on the ability of employees with reasonable accommodations to the Vaccine Mandate to safely perform

their duties without posing a danger to colleagues or the public.  For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 11

Defendant objects to Interrogatory 11 on the grounds that it is vague, ambiguous, and overbroad in reference to "any documents," "the impact of COVID-19," "on the ability of employees with reasonable accommodations to the Vaccine Mandate to safely perform their duties," and "without posing a danger to colleagues or the public" is argumentative, is overly broad and not sufficiently limited in time and scope to allow a reasonable response, seeks information not in the custody or control of Defendants, seeks information that may be readily accessible to Plaintiff by means less costly than discovery, assumes facts not established, is not proportional to the needs of the case, seek information made available to the public, and to the extent it seeks information protected from disclosure by attorney-client privilege, deliberative process, or any other privilege or because it is attorney work product.

## INTERROGATORY 12

Identify any documents that indicate the cost of tracking weekly PCR testing submitted by City employees during the Vaccine Mandate.  For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 12

Defendant objects to Interrogatory 12 on the grounds that it is vague and ambiguous and overbroad in reference to "any documents" and "tracking weekly PCR testing," is argumentative, is overly broad and not sufficiently limited in time or scope to allow a reasonable response, seeks information not in the custody or control of Defendants, seeks information that may be readily accessible to Plaintiff by means less costly than discovery, seek information made available to the public, assumes facts not established, is not proportional to the needs of the case, and to the extent it seeks information protected by attorney-client privilege, deliberative process, or any other privilege, or because it is attorney work product.

## INTERROGATORY 13

Identify any documents that address the treatment or handling of religious accommodation requests objecting to the COVID-19 vaccine on the basis of its use of aborted fetal cell lines in its manufacturing, production, research, testing, or development.  For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 13

Defendant objects to Interrogatory 13 on the grounds that it is vague and ambiguous and overbroad in reference to "any documents," "the treatment or handling," and "its use of aborted fetal cell lines in its manufacturing, production, research, testing, or development," is argumentative, is overly broad and not sufficiently limited in time or scope to allow a reasonable response, seeks information not in the custody or control of Defendants, seeks information that may be readily accessible to Plaintiff by means less costly than discovery, seek information made available to the public, is not proportional to the needs of the case, assume facts not established, and seeks

information protected from disclosure by the attorney-client privilege, deliberative process, or any other privilege or because it is attorney work product.

Consistent with, and without waiving, this objection and construing this Interrogatory as seeking a statement of information available to City employees regarding reasonable accommodation requests, Plaintiff is referred to Defendants' Reponses to Interrogatory 4.

## INTERROGATORY 14

Identify any documents or communications that the City relied upon, including those receive from the Department of Health or other entities, which assert there is no connection between the COVID-19 vaccine and aborted fetal cell lines.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 14

Defendant objects to Interrogatory 14 on the grounds that it is vague and ambiguous and overbroad with reference to "any documents or communications," "The Department of Health," "other entities," "assert there is no connection," and "between the COVID-19 vaccine and aborted fetal cell lines," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is argumentative, seeks the production of public information and information readily available to Plaintiff through means less costly than discovery, including information available publicly via the world wide web, is not relevant or proportional to the needs of the case, seeks information not in the custody or control of Defendants, serves no purpose other than to harass Defendant, and to the extent it seeks information protected by from disclosure by attorney-client privilege, deliberative process, or any other privilege, or because it is attorney work product.

## INTERROGATORY 15

Identify any individuals or entities that provided information or guidance to the Defendant regarding any connection or lack thereof between the COVID-19 vaccine and aborted fetal cell lines. For each individual or entity, please provide their name, affiliation, and the nature of the information or guidance provided.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 15

Defendants object to Interrogatory 15 on the grounds that it is vague, ambiguous, and overbroad with reference to "any individuals or entities," "that provided information or guidance to the Defendant," "regarding any connection or lack thereof, and "between the COVID-19 vaccine and aborted fetal cell lines," is overly broad and not sufficiently limited in time or scope to allow a reasonable response, is argumentative, seeks the production of public information and information readily available to Plaintiff through means less costly than discovery including information published via the world wide web, is not relevant or proportional to the needs of the case, seeks information not in the custody or control of Defendants, and to the extent it seeks information protect from disclosure by attorney-client privilege, deliberative process, or any other privilege, or because it is attorney work product.

Consistent with, and without waiving, this objection and construing Interrogatory 15 as a request for statements on documents made available to City employees regarding the reasonable process doctrine, Plaintiff is referred to Defendants' Response to Interrogatory 4.

## INTERROGATORY 16

Identify all communications the Defendant had with Plaintiff regarding his request for a reasonable accommodation to the Vaccine mandate. For each communication, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 16

Defendant objects to Interrogatory 16 on the grounds that it is vague and ambiguous and overbroad with reference to "all communications" and "regarding his request," is duplicative of prior discovery demands, and seeks information within the custody and control of Plaintiff.

Consistent with, and without waiving this objection, and construing Interrogatory 16 as requesting a list of the communications held between Plaintiff and DSNY regarding his request for an exemption to the Vaccine Mandate during his employment with DSNY, Defendant responds as follows:

1. November 5, 2021 email from Christopher Morella to Plaintiff – previously provided as DEF 00287;

2. October 27, 2021 emails from Plaintiff to Christopher Morella – previously provided as DEF 000288;

3. November 10, 2021 email from Plaintiff to Christopher Morell  -- previously provided as DEF 000289-290;

4. October 26, 2021 email from Plaintiff to RAExemptions@dsny.nyc.gov – previously provided as DEF 000291;

5. Letter from DSNY Human Resources, dated February 11, 2022, previously provided as DEF 000183.

While all of the above documents have been provided to Plaintiff by way of discovery and/or initial disclosure, digital copies remain in the custody and control of the Office of the Corporation Counsel for purposes of preservation. Defendant reserves the right to update this list, should it determine that additional items exist that are responsive to this demand.

**INTERROGATORY 17**

Identify the Defendant's policies on cooperative dialogue in effect in 2021 through 2022.  For each document, please provide the custodian, location, and a general description of its contents.

**RESPONSES AND OBJECTIONS TO INTERROGATORY 17**

Defendant objects to Interrogatory 17 on grounds that it is duplicative of prior discovery demands, seeks information readily available to Plaintiff through means less costly than discovery and publicly available via the worldwide web, and seeks information in the custody and control of Plaintiff, .

Consistent with, and without waiving this objection, and construing to request the identification of any policy addressing cooperative dialogue in the context of a request for a reasonable accommodation policy in place in 2021 and applied by DSNY to its employees, Plaintiff is referred to Defendants' response to Interrogatory 4.

**INTERROGATORY 18**

Identify the Defendant's policies on religious accommodations in effect in 2021 through 2022. For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 18

Defendant objects to Interrogatory 18 on the grounds that it is vague and ambiguous in reference to "policies on religious accommodations," and is duplicative of prior discovery demands.

Consistent with, and without waiving, this objection, and construing Interrogatory 18 as a statement on DSNY's policies regarding reasonable accommodation, which were in place in 2021 and 2022, Plaintiff is referred to Defendants' Responses and Objections at Interrogatory 4.

## INTERROGATORY 19

Identify the Defendant's policies on undue hardship in effect in 2021 through 2022. For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 19

Plaintiff is referred to Defendants' Responses and Objections at Interrogatory 4.

## INTERROGATORY 20

Identify all documents that reflect or identify the Plaintiff's salary for his last five years of employment. For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 20

Defendant objects to Interrogatory 20 on the grounds that it is vague and ambiguous and overbroad in reference to "all documents," "that reflect or identify the Plaintiff's salary" and "years of employment," seeks information not in the custody or control of Defendants, and seeks information in the custody or control of Plaintiff.

Consistent with, and without waiving, this objection, Defendant responds as follows:

> Plaintiff's personnel records contain his salary and benefits information. Plaintiff has been provided his personnel records, bates stamped DEF 000375-504. A digital copy is kept at the Office of the Corporation Counsel.

## INTERROGATORY 21

Identify all documents reflecting the value of any benefits Plaintiff received as a part of his employment, including but not limited to health insurance, life insurance, retirement benefits, and other compensation or perks.  For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 21

Defendant objects to this Interrogatory on the grounds that it is duplicative of prior requests, is vague and ambiguous and overbroad in reference to "all documents," "reflecting the value," "of any benefits,"  "received as part of his employment," and "other compensation or perks," seeks information not in the custody or control of Defendants, seeks information in the custody or control of Plaintiff, seeks information readily available to Plaintiff by means less costly than litigation, and is overly broad, not sufficiently limited in time or scope to allow a reasonable response, and to the extent it seeks information that is not relevant or proportional to the needs of the case.

Consistent with, and without waiving this objection, and construing Interrogatory 21 as a request for a statement identifying documents related to Plaintiff's compensation and benefits, Plaintiff is referred to Defendant's Response and Objections to Interrogatory 20.

## INTERROGATORY 22

Identify all documents reflecting the value of Plaintiff's pension in 2022. For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 22

Defendants object to Interrogatory 22 on the grounds that it is duplicative of prior requests, is vague and ambiguous and overbroad in reference to "all documents" and "reflecting the value," "of Plaintiff's pension," seeks information not in the custody or control of Defendants, seeks information in the custody or control of Plaintiff, seeks information readily available to Plaintiff by means less costly than litigation, and is overly broad and not sufficiently limited in scope to allow a reasonable response, and to the extent it seeks information that is not relevant or proportional to the needs of the case.

Notwithstanding, and without waiving this objection, and construing as a request to identify documents related to Plaintiff's compensation and benefits, Plaintiff is referred to Defendant's Response and Objections to Interrogatory 20.

## INTERROGATORY 23

Identify all documents reflecting any retroactive salary adjustments or raises that were provided to DSNY Sanitation Workers, from 2022 through the present. For each document, please provide the custodian, location, and a general description of its contents.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 23

Defendants object to Interrogatory 23 on the grounds that is vague and ambiguous and overbroad in reference to "all documents," "reflecting any," "retroactive salary adjustments or raises," "that were provided," and "DSNY Sanitation Workers," seeks information readily available to Plaintiff, seeks information not in the custody and control of Defendants, is overly board, assumes facts not established, seeks private and/or confidential information on non-parties, and is not relevant or proportional to the needs of the case.

## INTERROGATORY 24

Identifying all documents showing the earnings and compensation of Sanitation Workers with comparable seniority to Plaintiff, including their base salary, bonuses, overtime, and pension contributions, from February 2022 to the present, for the purpose of calculating front pay and pension entitlements. For each document, please provide the custodian, location, and a general description of its content.

## RESPONSES AND OBJECTIONS TO INTERROGATORY 24

Defendants object to Interrogatory 24 on the grounds that is vague and ambiguous and overbroad in reference to "all documents," "showing the earnings and compensation," "Sanitation Workers," "comparable seniority," and "for the purpose of calculating front pay and pension entitlements," seeks information not in the custody and control of Defendants, is overly board and not sufficiently

limited in time or scope to allow a reasonable response, assumes facts not established, seeks private and/or confidential information on non-parties, and is not relevant and proportional to the needs of Plaintiff's remaining claims.

## INTERROGATORY 25

Identify all Individuals who have knowledge of the value of the Plaintiff's compensation for his employment with DSNY, including but not limited to salary, pension, benefits, and other forms of compensation.

## RESPONSES AND OBJECTION TO INTERROGATORY 25

Defendant objects to Interrogatory 25 on the grounds that it is vague and ambiguous and overbroad in reference to "all individuals," "knowledge of the value of Plaintiff's compensation," "benefits," and "other forms of compensation," seeks information in custody and control of Plaintiff, seeks information beyond the custody and control of Defendants, seeks information readily available to Plaintiff by means less costly than discovery, and is overly broad and not sufficiently limited in time and scope to allow a reasonable response, and is not relevant or proportional to the needs of Plaintiff's remaining claims.

Notwithstanding, and without waiving, this objection, and construing this demand as requesting the names of any party who may provide information on Plaintiff's compensation and benefits during his employment at SDNY, Defendants respond as follows:

   Plaintiff Michael Rizzo


Dated:        February 13, 2025
              New York, NY

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of
New York
Attorney for Defendant
100 Church Street, Rm. 2-141
New York, NY 10007
(212) 356-2441
ropoole@law.nyc.gov

By:    /s    *Rodalton J. Poole*
          Rodalton J. Poole
          Senior Counsel

## <u>DECLARATION</u>

**KIMBERLY BROWN**, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

I am Executive Agency Counsel for the New York City Department of Sanitation. I have read the foregoing responses to Plaintiff's First Set of Interrogatories dated February 13, 2025, and know the contents thereof to be true as to the allegations concerning the New York City Department of Sanitation, and the basis for my belief are the books and records of the New York City Department of Sanitation and other departments of the city government and from statements made to me by certain officers or agents of the New York City Department of Sanitation.

_____
KIMBERLY BROWN