

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**RODALTON J. POOLE**
*Assistant Corporation Counsel*
Phone: (212) 356-2441
Email: ropoole@law.nyc.gov

April 1, 2025

**BY ECF**
Hon. Jeannette A. Vargas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Rizzo v. New York City Department of Sanitation et al.*, 23-CV-7190 (JAV) (VF)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York ("City"), and the attorney assigned to represent Defendants the City of New York and New York City Department of Sanitation ("DSNY") (together, "Defendants") in the above-referenced matter. Plaintiff alleges that he was unlawfully terminated as the result of the denial of his request for a religious accommodation to the City's COVID-19 Vaccine Mandate.

      I write pursuant to the Court's Individual Practice Rules regarding discovery disputes and in response to Plaintiff's letter dated March 28, 2025, seeking to compel discovery (*see* ECF Dkt. 51).

      The parties have held numerous meet and confers. However, in Plaintiff's letter motion filed at ECF Dkt. 51, Plaintiff enumerated seven demands[1], which are purported by Plaintiff to be unresolved. For the reasons set forth below, the majority of Plaintiff's requests have been rendered moot. Therefore, Defendants respond here as follows:

    1. As to Document Demand No. 15/Interrogatory No. 5, seeking documents or data identifying the civil service title, rank, command, facility, garage, and or unit for DSNY

---

[1] To see Defendant's responses Plaintiff's discovery demands, the Court is respectfully referred Plaintiff's Motion to Compel, ECF Dkt. 51-2 and 51-3.

employees, who were granted religious accommodations, Defendants have produced the information responsive to this request, thereby rendering this request moot:

Specifically, on April 1, 2025, Defendants produced to Plaintiff the number of DSNY employees who requested a religious accommodation the COVID-19 Vaccine Mandate and the number of those requests that were granted. As background, on January 28, 2025, Defendants objected to this demand on the grounds that it was, *inter alia,* overly broad, not relevant or proportional, and seeking confidential information on non-parties. However, despite their objections, Defendants provided Plaintiff with documents and records related to his own accommodation request. Though Plaintiff now seeks the title and work location of those employees accommodated, Plaintiff has not demonstrated how this information is relevant and proportional to the needs of his case. Nevertheless, on April 1, 2025, the undersigned notified Plaintiff's counsel that DSNY was in possession of a spreadsheet listing those employees who had been given accommodation to the COVID-19 vaccine mandate and that, if possible, information from that spreadsheet would be provided by Wednesday, April 2, 2025.

2. As to the demand for "Citywide Panel Approvals," Defendants have produced the information sought, thereby rendering this request moot:

On March 31, 2025, Defendants sent Plaintiff the number of DSNY employees, whose requests for accommodations to the Vaccine Mandate were reversed on appeal by the Citywide Panel, and the number of such appeals that were affirmed. Defendants further indicated to Plaintiff the number of such appeals that were granted for medical reasons and the number of those granted for religious reasons. Therefore, this dispute should be denied as moot.

3. As to Document Demand No. 18:

Defendants have provided all emails known to be responsive to this request. On August 15, 2024, Defendants provided emails between Plaintiff and Mr. Morella by way of Defendants' Initial Disclosure. Therefore, Defendants' position is that any dispute regarding this demand has been resolved and should be dismissed as moot.

4. As to the "City's Undue Hardship Defense":

Plaintiff specifically requested information pertaining to "COVID relief funds." Consistent with and without waiving their prior objections, and limiting their response to City and State websites that may track COVID-19 funding, Defendants refer Plaintiff to the following websites:

- https://www.nyc.gov/site/covid19fundingtracker/index.page
- https://www.osc.ny.gov/reports/covid-relief-program-tracker
- https://www.nyc.gov/site/covid19fundingtracker/overview/overview.page#:~:text =The%20American%20Rescue%20Plan%20allocated,economic%20impacts%20 of%20COVID%2D19.

Accordingly, the aforementioned information on publicly available websites referenced by Defendant has provided Plaintiff with the information sought, and Plaintiff's motion to compel should be denied as moot.

5. As to Document Request No. 51/Interrogatory No. 23 for salary increases:

On March 31, 2025, Defendant provided Plaintiff with the Sanitation Workers' collective bargaining agreements for the years 2019-2028, which contain the salary schedules, wage increases, and service differentials for New York City sanitation workers. Therefore, Defendants have provided Plaintiff with the information sought, and Plaintiff's motion to compel should be denied as moot.

6. As to Document Request No. 54/Interrogatory No. 24 for compensation of other DSNY employees:

Defendants maintain their objections to this request as it is vague, ambiguous, and overly broad, not sufficiently limited in time or scope to allow a reasonable response, and seeks information that is not relevant or proportional to the needs of this case. Here, the wages of other DSNY employees in Plaintiff's garage are irrelevant to Plaintiff's damages claims. Plaintiff was a union member subject to the collective bargaining agreement, and as such, Plaintiff can calculate any alleged economic damages claims without the need for comparator information.

7. As to Plaintiff's Demand for "Outstanding ESI":

On February 6, 2025, Plaintiff's counsel sent Defendants a list of search terms, which are attached hereto as Defendants' Exhibit A. However, Plaintiff's counsel was notified on March 10, 2025, that the provided terms were overly broad and likely to return tens of thousands of results—many of which would be irrelevant and provide no support to Plaintiff's claims. Further, Counsel for Defendants recommended that the parties have a meet and confer to discuss narrowing the terms so that a reasonable search could be conducted. On March 25, 2025, Plaintiff's counsel emailed both the undersigned and Defendants' ESI attorney, renewing the request to conduct a search using the same terms provided on February 6, 2025, with no mention of narrowing the scope or of modifying the terms to add specificity. Thus, Plaintiff's failure to make a reasonable request regarding the search of ESI, or to engage Defendants in narrowing the search terms, has resulted in his waiver of seeking such discovery. Plaintiff's request for ESI, therefore, should be denied as untimely, as discovery is scheduled to close on April 14, 2025. In the alternative, Defendants respectfully propose that they determine their own

reasonable search terms and custodians for ESI without input from Plaintiff, given Plaintiff's failure to reasonably narrow the ESI protocol here.

Defendants thank the Court for its continued attention and consideration to this matter.

Respectfully submitted,

/s/   *Rodalton J. Poole*
Rodalton J. Poole
Assistant Corporation Counsel

cc:  **VIA EMAIL AND ECF**
Christian Martinez
*Attorney for Plaintiff*
245 Bricktown Way, Ste. J
Staten Island, NY 10309
Christinamartinezesq@gmail.com