UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL RIZZO,

                       Plaintiff,                     23-CV-07190 (JAV)

      -v-                                       ORDER

THE CITY OF NEW YORK,

                       Defendant.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On March 28, 2025, Plaintiff's counsel filed a letter-motion requesting a conference to address outstanding discovery and compel the Defendant, City of New York, to produce the requested documents.  ECF No. 51.  On April 1, 2025, Defendant filed a letter response indicating that many of the disputed issues are moot.  ECF No. 52.  On April 2, 2025, this Court ordered the Plaintiff to file a letter setting forth its position regarding which of the discovery disputes outlined in its March 28, 2025 Letter still presents a live issue.  ECF No. 53.

      On April 4, 2025, Plaintiff's counsel filed a letter, ECF No. 54, and identified the following four live issues:

- Document Demand No. 15/Interrogatory No. 5:  The civil service title, rank, command, facility, garage, and/or unit of those DSNY employees who were granted accommodations;

- Document Demand No. 18:  The number of unvaccinated DSNY employees who remained on duty and tested while their accommodation requests were pending;

- Document Request No. 54/Interrogatory No. 24:  The overtime hours worked by the most senior sanitation worker in Plaintiff's former garage from February 2022 through the present;

- Outstanding ESI for Proposed Custodians Christopher Morella and Ryan David.

      Regarding Document Demand Nos. 15 and 18, Defendant is HEREBY ORDERED to produce the requested information to Plaintiff by April 14, 2025.  The Court finds that this information is both relevant to the issue of undue hardship and proportional to the needs of the case.

      Plaintiff has narrowed the information sought pursuant to Document Request No. 54 and Interrogatory No. 24.  As narrowed, information regarding the overtime actually worked by

Plaintiff's comparator is plainly relevant to a calculation of potential lost earnings. Accordingly, the Court ORDERS Defendant to provide Plaintiff by April 14, 2025, with either a verified Interrogatory response or documents sufficient to show the overtime hours worked by the most senior sanitation worker in Plaintiff's former garage for the period February 2022 to the present.

With respect to the Outstanding ESI, Defendant contends that Plaintiff's request should be denied because they failed to narrow their proposed search terms and thereby waived their request. ECF No. 52. A failure to come to agreement on search terms is not a basis to deny Plaintiff otherwise relevant discovery. This is particularly the case where Plaintiff has attempted, in good faith over the course of months, to meet and confer with Defendant regarding the appropriate scope of ESI productions in this matter, and Defendant only notified Plaintiff on March 10, 2025, of its concern regarding the breadth of the search terms. Notably, Defendant does not even indicate that it ran a hit report to substantiate its assertion that Plaintiff's proposed search terms would return "tens of thousands" of results.

When the Court issued its Order reopening discovery for an additional 60 days, the Court explicitly stated that one purpose of the extension was to provide Defendant sufficient time to produce all outstanding ESI. ECF No. 47. It does not appear that Defendant has made a single production of emails from relevant custodians in that time period.

Accordingly, it is further ORDERED that 1) by April 14, 2025, Defendant shall provide to Plaintiff a hit report for the Plaintiff's proposed search terms; 2) by April 21, 2025, the parties shall meet and confer as to an appropriate narrowing of search terms as a result of that hit report; and 3) by May 19, 2025, Defendant shall produce to Plaintiff all responsive documents resulting from those searches.

It is further ORDERED that the fact discovery deadline shall be extended to May 19, 2025, solely with respect to Plaintiff's production of outstanding ESI in accordance with this Order.

The Clerk of Court is directed to terminate ECF No. 51.

SO ORDERED.

Dated: April 10, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge