

**Martinez & Loiacono PLLC**

Christina M. Martinez, Esq.
Partner
245 Bricktown Way, Suite J
Staten Island, New York 10309
T: (347) 215-4543
F: (718) 556-2007
ChristinaMartinezEsq@gmail.com
*Admitted in:*
*New York & New Jersey*

April 14, 2025

*Via ECF*
The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York

**MEMO ENDORSED**

    **RE:** *Michael Rizzo v. The City of New York*, 1:23-cv-07190-JAV
          Discovery Dispute

Dear Judge Vargas:

Pursuant to Paragraph 6 of Your Honor's Individual Rules and Practices, Plaintiff respectfully submits this letter motion to request the Court's intervention in a discovery dispute. The discovery period closes today, April 14, 2025.

On Tuesday, April 8, 2025, Plaintiff deposed Ryan David, the head of EEO for the New York City Department of Sanitation (DSNY). During his deposition, Mr. David testified at length regarding several documents that should have been produced in response to Plaintiff's First Request for Production, served on September 16, 2024 (see Exhibit 1), including:

1. **The Master Spreadsheet** created and maintained by DSNY's EEO Office, listing accommodation requests to the COVID-19 vaccine mandate. Mr. David testified this includes job title, type of request, determination, appeal and appeal determination, dates of vaccination and termination, and a "Data Set" tab showing approval percentages. *See* Ex. 1, Doc. Request No. 15-18, 20.

2. **The Review Spreadsheets** used by Christopher Morella, the individual who reviewed Plaintiff's accommodation request, to track accommodation requests, including Morella's recommendations and final determinations forwarded to Mr. David. *See* Ex. 1, Doc. Request No. 2-3, 15.

3. **Email Guidance Sent to Reviewers** outlining criteria and factors for evaluating religious accommodation requests. Mr. David testified that this email was distributed to all reviewers, including Mr. Morella, who reviewed Plaintiff's accommodation request and otherwise did not handle accommodation requests as a part of his normal job duties. *See* Ex. 1, Doc. Request No. 2-3, 7, 8, 33, 35.

1

4. **Templates for Requests for Information (RFIs)** that reviewers sent to applicants. Mr. David testified these templates were tailored to the basis of each religious objection, including the template used to email Plaintiff, and that Morella used these templates to send a Request for Information from Plaintiff. *See* Ex. 1, Doc. Request No. 2-3, 7, 8, 33, 35.

5. **Guidance for Reviewing Objections Based on Aborted Fetal Cells (AFC)**. Mr. David testified that specific guidance was provided to reviewers for AFC-based objections, like Plaintiff's. *See* Ex. 1, Doc. Request No. 2-3, 7, 8, 33, 35.

6. **DSNY's Transmission to the Citywide Panel**, including any Salesforce uploads or other documents showing what was transmitted regarding Plaintiff's appeal. Mr. Ryan testified that there was a file for the documents uploaded from DSNY to the Citywide Panel for Plaintiff's appeal of DSNY's denial of his accommodation request through an online portal called Salesforce. *See* Ex. 1, Doc. Request No. 10-11.

I immediately requested the production of these documents during the deposition and, after, requested to meet and confer with defense counsel. During that Zoom conference the same day after the deposition, I explained that Plaintiff was prejudiced by the City's failure to produce these documents prior to Mr. David's deposition, and that they were plainly responsive to Plaintiff's existing demands. Defense counsel agreed to produce the documents by Thursday morning, April 10, so that I would have them in advance of the Rule 30(b)(6) deposition on April 11. I memorialized this agreement by email (see Exhibit 2).

However, by Thursday morning, I had received nothing. I followed up via email (see Exhibit B), and later that day, instead of producing the agreed-upon materials, the City served a set of objections (see Exhibit 3), including privilege objections to Items 3, 4, and 5 without providing a privilege log, as required under Fed. R. Civ. P. 26(b)(5). They stated that only limited portions of Items 1 and 2 would be produced but gave no timeline—even though they had already agreed to produce them that morning. They agreed to produce Item 6.

Plaintiff responded to the objections that same day (see Exhibit 3). On Friday, April 11, we met and conferred again by Zoom. Plaintiff was represented by myself and James Mermigis; Defendants were represented by Rodalton Poole and Philip Frank. In Plaintiff's view, we reached an impasse. Defense counsel disagreed and requested that Plaintiff not raise the matter with the Court, claiming the issue was not yet ripe. However, because discovery closes today and Plaintiff still has not received any of the documents discussed above—including those that were unambiguously agreed to—Court intervention is now necessary.

Plaintiff respectfully requests that the Court direct Defendants to immediately produce all six categories of documents listed above. These documents are not privileged. The criteria and templates used to guide accommodation decisions are not protected by attorney-client privilege or work-product doctrine, particularly in a failure-to-accommodate case where the criteria themselves are central to the claims and defenses. Moreover, Defendants have waived any privilege objection by failing to timely produce a privilege log. See Fed. R. Civ. P. 26(b)(5); Local Civil Rule 26.2.

Plaintiff is available for a conference at the Court's earliest convenience.

Respectfully submitted,

*Christina Martinez*

Christina Martinez, Esq.
Attorney for Plaintiff

Defendant is **HEREBY ORDERED** to provide its response to this letter by 6 P.M. on Wednesday, April 16, 2025. In its response, Defendant shall provide an explanation as to why these documents were not previously produced in discovery, and to the extent any document is withheld on the basis of privilege, submit to the Court a privilege log.

**SO ORDERED.**

Date: 04/14/2025

HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE