

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **RODALTON J. POOLE**<br>Labor and Employment Law Division<br>(212) 356-2441<br>Email: ropoole@law.nyc.gov |

April 16, 2025

**By ECF**
Honorable Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

      Re:  *Michael Rizzo v. City of New York*, 23-CV-07190 (JAV)

Dear Judge Vargas:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendant the City of New York ("City") in the above-referenced action. Plaintiff, a former sanitation worker for the New York City Department of Sanitation ("DSNY"), alleges that he was terminated based on the wrongful denial of his request for a religious accommodation to the City's COVID-19 vaccine mandate. As the result of the Court's Opinion and Order dated July 2, 2024 (ECF Dkt. 25), granting in part Defendant's Motion to Dismiss the Complaint, the only claims that survived are Plaintiff's claim for failure to accommodate and for failure to engage in a cooperative dialogue. Indeed, Plaintiff's disparate impact claim was dismissed by the Court.

      I write pursuant to the Court's Order dated April 14, 2025 (ECF Dkt. 59), directing Defendant to provide a response to Plaintiff's Letter Motion to Compel dated April 14, 2025, filed at ECF Dkt. 58. The Court also directed Defendant to explain why the discovery at issue had not been previously produced in discovery. Finally, the Court directed Defendant to provide a privilege log to the Court if any document at issue is withheld on the basis of privilege.

      Plaintiff's letter motion to compel seeks the production of the following documents: (1) DSNY's master spreadsheet, tracking all of the requests for accommodations to the COVID-19 vaccine mandate made by any DSNY employee, (2) the spreadsheet of the reviewer who reviewed Plaintiff's accommodation request, tracking every DSNY employee's accommodation request that he personally reviewed, (3) a DSNY attorney's email providing legal guidance to DSNY reviewers of accommodation requests to the vaccine mandate, (4) the same DSNY attorney's email providing legal guidance and templates for requesting information from DSNY employees seeking an accommodation to the vaccine mandate, (5) the DSNY attorney's email

providing legal guidance for reviewing objections based on aborted fetal cells, and (6) DSNY's transmission of the agency record to the Citywide Panel.

On April 14, 2025, however, Defendant produced to Plaintiff the DSNY master spreadsheet, and DSNY's transmission to the Citywide Panel – the aforementioned numbers (1) and (6) – thereby rendering those items moot. Indeed, Defendant previously had produced the entirety of the Citywide Panel's record of Plaintiff's administrative appeal, which contained all of the records in DSNY's transmission, or number (6) above. Today, Defendants also produced a redacted version of the individual reviewer's spreadsheet – number (2) above – with nonparty DSNY employees' information redacted on the grounds that such nonparty information is not relevant or proportional to Plaintiff's claims here. Defendants also have redacted the reviewer's initial thinking as to the eventual determination of whether to approve or deny Plaintiff's accommodation request on the grounds that such information is not relevant, as the final determination for Plaintiff is indicated, and such limited information is protected by the deliberative process privilege. The only discovery disputes that remain here, therefore, are (1) whether two documents, which are two internal email chains sent among DSNY attorneys, which provide legal guidance on the COVID-19 vaccine exemptions, are exempt from disclosure under the work product doctrine and the attorney-client privilege; and (2) whether Defendants properly made redactions in the individual reviewer's spreadsheet of his initial thought as to determination and the nonparty information on relevancy grounds and under the deliberative process privilege.

While Plaintiff's counsel contends that Defendant should have previously produced all the aforementioned documents as responsive to Plaintiff's initial discovery demands, such argument is without merit. As noted above, Defendant previously produced the DSNY documents contained in DSNY's transmission of the agency record to the Citywide Panel (number (6) above) when it produced to Plaintiff the Citywide Panel administrative appellate record itself. Defendant had not previously produced the two privileged emails at issue (numbers (3) through (5) above), given that such documents were not part of the ESI collection agreed to by the parties, and the emails were identified for the first time at a deposition of DSNY held on April 8, 2025. Notably, as to the two spreadsheets (numbers (1) and (2) above), although Plaintiff attached his discovery demands to the instant motion to compel, Plaintiff failed to attach Defendants' Responses and Objections to Plaintiff's First Request for the Production of Documents dated January 28, 2025, a copy of which is annexed hereto as Exhibit "A." And significantly, Plaintiff failed to advise the Court that Defendant objected to Plaintiff's discovery demands at issue here on relevancy and proportionality grounds and limited the scope of their responses to Plaintiff's accommodation request only, excluding from their responses information related to nonparty DSNY employees, which would include the data in the spreadsheets. Defendant's reasoning for limiting their responses in such a way was because Plaintiff's disparate impact claim had been dismissed by the Court, thereby leaving only Plaintiff's claims of failure to accommodate and failure to engage in a cooperative dialogue, in which nonparty information is not relevant or proportional.

For example, Plaintiff's Document Requests No. 15 and 16 request, among other things, the civil service title and religion, of all DSNY employees, who were granted religious accommodations to the vaccine mandate. Defendants objected to these demands on various grounds, including relevancy and proportionality, and responded by reasonably limiting their response to only Plaintiff's records and produced the documents that pertain specifically to Plaintiff's vaccine exemption request. Although during a meet and confer on or about February 6,

2025, Plaintiff requested to know whether the DSNY had in its possession any spreadsheets tracking accommodation requests, and although Defendant agreed to inquire and advise Plaintiff whether such spreadsheets existed, Defendant did not agree in advance to provide any such spreadsheets. And although due to an oversight, Defendant did not follow up with Plaintiff on this request, Plaintiff himself failed to follow up on the issue until late March, on the eve of depositions, which were to take place in early April, with the close of discovery scheduled for April 14, 2025. Indeed, by letter dated March 28, 2025, Plaintiff sought to compel Defendants to provide documents or data that provide the civil service title of all DSNY employees who were granted a religious accommodation to the vaccine mandate. On April 1, 2025, in an attempt to resolve the dispute, and without conceding the relevancy or proportionality of any spreadsheet or data, Defendant provided Plaintiff with data from the master spreadsheet regarding the number of DSNY employees who requested a religious accommodation to the vaccine mandate and the number of those requests that were approved. By Order dated April 10, 2025 (ECF Dkt. 56), the Court ordered Defendants by April 14, 2025 to also produce the civil service title of the DSNY employees who were granted accommodations to the vaccine mandate as relevant and proportional to the issue of undue hardship. As such, on April 14, 2025, Defendant produced the master spreadsheet in response to the Court's Order and to resolve the instant dispute. Defendant also produced the individual reviewer's spreadsheet with redactions.

For the reasons set forth below, with regard to the only remaining dispute before the Court, the two internal emails among DSNY attorneys providing legal guidance regarding accommodation requests to the vaccine mandate are protected under the attorney work product doctrine and attorney client privilege. Accordingly, Defendants respectfully request that the Court deny Plaintiff's motion to compel these documents.

I. THE DSNY ATTORNEY'S EMAIL PROVIDING LEGAL GUIDANCE REGARDING ACCOMMODATION REQUESTS TO THE VACCINE MANDATE ARE PROTECTED FROM DISCLOSURE BY THE ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE

As it pertains to the two emails from the DSNY attorney to other attorneys at DSNY providing legal guidance to reviewers, including templates for requests for information, and legal guidance for reviewing objections based on aborted fetal cells, this information is protected under the work product doctrine and attorney client privilege. "Under federal law, the party invoking attorney-client privilege must show that the communications were '(1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential, (3) for the purpose of obtaining or providing legal advice." *Menzel v. Roadget Bus. Pte. Ltd*., 2025 U.S. Dist. LEXIS 68140, at *5 (Apr. 9. 2025) (quoting *Brennan Ctr. for Just. At N.Y. Univ. Sch. of L.V. U.S. Dep't of Just*., 697 F.3d 184, 207 (2d Cir. 2012)). Here, the two emails were sent by Samuel Philipsek, a former agency attorney in the DSNY Legal Bureau to other attorneys in the Legal Bureau and the EEO Office. The first email, "Religious Reasonable Accomodation Review Protocols," dated October 29, 2021, contains legal advice from Mr. Philipsek to the reviewers on how to address vaccine exemption requests. Further, it is labeled "Privileged & Confidential." The second email entitled "Email Template for Religious Exemption Request Supplemental Information," was also submitted to DSNY's reviewers and contains legal advice from Mr. Philipsek related to vaccine exemption requests. It is also labeled "Privileged and Confidential." Both documents are shielded

from disclosure by attorney-client privilege. As noted above, Mr. Philipsek was a DSNY attorney providing legal advice to agency employees and labeled his correspondences "Privileged and Confidential." Further, these documents have remained in the custody of DSNY legal since 2021 and are not known to have been shared with any other parties. Therefore, DSNY has properly invoked attorney-client privilege related to these two emails and respectfully requests that the Court deny Plaintiff's motion to compel these documents.

The two emails are also protected from disclosure by the work product doctrine. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). "The work-product doctrine, codified for the federal courts in Fed. R. Civ. P. 26(b)(3), is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries. *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (internal citation omitted). Here, the emails by the DSNY attorney provide legal guidance regarding requests for accommodations to the vaccine mandate. Such emails were prepared in anticipation of the prospect of litigation stemming from any denials of employees' accommodation requests. As such, the two emails are protected from disclosure under the work product doctrine. And Plaintiff cannot overcome the work product privilege here because Plaintiff cannot establish a substantial need for the two emails at issue. Here, Defendants have provided Plaintiff with extensive discovery documenting the reasons for denying Plaintiff's request for a religious accommodation, namely, that despite the DSNY"s request, Plaintiff failed to provide sufficient information to establish a sincerely held religious belief that prevented him from complying with the COVID-19 vaccine employment requirement. Plaintiff, therefore, cannot show a substantial need for the legal guidance, including any templates, as Plaintiff has in his possession the reasons for denying his particular request for an accommodation.

Finally, pursuant to the Court's April 14, 2025, Defendants hereby provide a privilege log itemizing the above-referenced two emails withheld on the basis of work product doctrine and attorney-client privilege. *See* Def. Ex. "B" attached hereto.

I thank the Court for its consideration of this request.

Respectfully Submitted,

By:   /s/ *Rodalton J. Poole*
      Rodalton J. Poole
      Senior Counsel

cc:   **VIE ECF**
Christina Martinez, Esq.
245 Bricktown Way
Suite J
Staten Island, NY 10309
Christinamartinez@gmail.com