UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                          :

MICHAEL RIZZO,                          :

                      Plaintiff,              :
                                          :          23-CV-07190 (JAV)
            -v-                    :
                                          :                ORDER

THE CITY OF NEW YORK,          :

                    Defendant.            :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On April 14, 2025, Plaintiff filed a Letter-Motion to Compel Discovery. *See* ECF No. 58. On that same day, this Court ordered Defendant to provide its response to Plaintiff's Letter-Motion, explaining why the requested documents were not produced in discovery, and to provide a privilege log if any of the documents were withheld on the basis of privilege. ECF No. 59.

On April 16, 2025, Defendant filed its response and informed the Court that it had asserted privilege over certain documents and portions of documents. ECF No. 62. Accompanying the Defendant's response was a privilege log with three entries. ECF No. 62-2.

On April 23, 2025, the Court ordered Plaintiff to inform the court whether there are any live discovery disputes considering Defendant's recent productions, and to state whether Plaintiff intends to raise challenges to the withholding of any of the documents listed on Defendant's privilege log. ECF No. 65. On April 25, 2025, Plaintiff filed its reply, disputing Defendant's privilege assertions, and requesting that this Court either compel the production of the documents on the privilege log, or, alternatively, order an *in camera* review of the documents to determine whether the claims of privilege are valid. ECF No. 66.

The Court notes, however, that as to the work product doctrine and the deliberative process privilege, these are qualified privileges. Even if Defendant were to prevail in the assertion of privilege, the deliberative process privilege can be overcome upon a balancing of "the public interest in nondisclosure against the need of the particular litigant for access to the privileged information." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 439, 442 (S.D.N.Y. 2009) (cleaned up). Similarly, so-called "fact" work product can be subject to disclosure upon a showing up substantial need. *See* Fed. R. Civ. P. 26(b)(3). Additionally, with respect to the assertion of the deliberative process privilege, the assertion must be lodged by "the claim of deliberative-process privilege must be lodged by the head of the agency after personal consideration of the allegedly privileged material or by a subordinate with high authority pursuant to guidelines on the use of the privilege issued by the head of the agency." *In re Methyl Tertiary Butyl Ether*, 643 F. Supp. 2d at 443.

Accordingly, to potentially obviate the need for the parties to engage in formal motion practice, the Court will review the documents at issue *ex parte* and *in camera* to determine at the outset whether the Plaintiff's need for such documents would likely overcome any potential assertion of privilege.

The Court HEREBY ORDERS the Defendant to provide the Court with unredacted copies of DEF742-750 for *ex parte in camera* review by Friday May 9, 2025.

SO ORDERED.

Dated: May 5, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge