

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004
Free: (833) 827-2920
ASL: (844) 234-5122
FAX: (212)336-3622
Website: www.eeoc.gov

11/15/2023

VIA: mabo@law.nyc.gov
MADELINE ABO
NYC LAW DEPARTMENT
100 CHURCH STREET
LABOR AND EMPLOYMENT DIVISION
NEW YORK, NY 10007

Re:   **FOIA No.: 520-2024-001348**
      **Charge No.: 520-2022-06739**
      **Rizzo v Department of Sanitation New York City**

Dear Ms. ABO:

Your Freedom of Information Act (FOIA) request, received on 10/26/2023, is processed. Our search began on 10/26/2023. All agency records in creation as of 10/26/2023 are within the scope of EEOC's search for responsive records. The paragraph(s) checked below apply.

[ ]   Your request is granted.

**[X]   Your request is granted in part and denied in part. Portions not released are withheld pursuant to the subsections of the FOIA indicated at the end of this letter.**

[ ]   A fee of $ 0 is charged. Charges for manual search and review services are assessed according to the personnel category of the person conducting the search a. Fees for search services range from $5.00 per quarter hour to $20.00 per quarter hour. Direct cost is charged for computer search and in certain other circumstances. Photocopying is .15 per page. 29 C.F.R. §1610.15. The fee(s) charged is computed as follows:

   [ ]   Commercial use request: [ ] pages of photocopying; [ ] quarter hour(s) of [ ] review time; and [ ] quarter hour(s) of [ ] search time. Direct costs are billed in the amount of [ ] for [ ];

   [ ]   Educational or noncommercial scientific institution or a representative of the news media request: [ ] pages of photocopying. The first 100 pages are provided free of charge; and

   [ ]   All other requests: [ ] pages of photocopying and [ ] quarter hour(s) of search time. Direct costs are billed in the amount of [ ] for [ ]. The first 100 pages and the first two hours of search time are provided free of charge.

           Please submit payment of $ 0 by either:

                 (1)   Credit card at **pay.gov.** Visa, MasterCard, American Express and Discover credit cards are accepted. Debit cards bearing the Visa or MasterCard logo are also accepted. We will finish processing your request after EEOC receives a copy of your pay.gov credit or debit card receipt or

520-2024-001348

                                      (2)    Check, payable to the United States Treasurer, to the address above.

[ ]    The disclosed records are enclosed. No fee is charged because the cost of collecting and processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[X]    I trust that the furnished information fully satisfies your request. If you need any further assistance or would like to discuss any aspect of your request, please do not hesitate to contact the FOIA Professional who processed your request or our FOIA Public Liaison (see contact information in above letterhead or under signature line).

[X]    You may contact the EEOC FOIA Public Liaison Michael L. Heise for further assistance or to discuss any aspect of your request. In addition, you may contact the Office of Government Information Services (OGIS) to inquire about the FOIA mediation services they offer.

The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, email at ogis@nara.gov; telephone at (202) 741-5770; toll free 1-877-684-6448.

The contact information for the FOIA Public Liaison is as follows: Michael L. Heise, EEOC FOIA Public Liaison, Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M. Street, N.E., Fifth Floor, Washington, D.C. 20507, email to FOIA@eeoc.gov, telephone at (202) 921-2542; or fax at (202) 827-7545.

[X]    If you are not satisfied with the response to this request, you may administratively appeal in writing. Your appeal must be postmarked or electronically transmitted in 90 days from receipt of this letter to the Office of Legal Counsel, FOIA Division, Equal Employment Opportunity Commission, 131 M Street, NE, 5NW02E, Washington, D.C. 20507, email to FOIA@eeoc.gov; online at https://eeoc.arkcase.com/foia/portal/login, or fax at (202) 827-7545. Your appeal will be governed by 29 C.F.R. § 1610.11.

[X]    See the comments below.

                                      Cordially,

*Timothy A. Riera*

**Timothy Riera**
**Acting District Director**
**newyfoia@eeoc.gov**

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

**Exemption(s) Used:**

**[X] (b)(5)**

**[X] (b)(7)(C)**

520-2024-001348

**(b)(5)**

Exemption (b)(5) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132 (1975); Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998); Mace v. EEOC, 37 F. Supp. 2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Missouri ex. rel. Shorr v. United States Corps of Eng'rs., 147 F.3d 708, 710 (8th Cir. 1998). Disclosure of preliminary assessments and opinions would create a chilling effect on the Commission staff's ability to freely and openly deliberate and discuss ideas, strategies, and recommendations, thereby impairing the Commission's ability to effectively and efficiently enforce applicable federal EEO laws by investigating charges and complaints, litigating and adjudicating cases, promulgating regulatory and sub-regulatory guidance, conducting outreach and education activities, and other related activities. Records may be withheld under this exemption if they were prepared prior to an agency's decision, Wolfe v. Dep't of Health and Human Services, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc) and for the purpose of assisting the agency decision maker. First Eastern Corp. v. Mainwaring, 21 F.3d 465,468 (D.C. Cir. 1994). See also, Greyson v. McKenna & Cuneo and EEOC, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision-making process. A. Michael's Piano, Inc. v. Federal Trade Commission, 18 F.3d 138 (2d Cir. 1994). An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure. See Mapother, Nevas, et al. v. Dep't of Justice, 3 F.3d 1533 (D.C. Cir. 1993).

**DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(5) TO THE FOIA:**

1.Activity Log pages 9,10 and 11
2.Recommendation of Closure page 28
-----------------------------------------------------------------------------------------------------------------

**(b)(7)(C)**

Exemption (b)(7)(C) to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(7)(C) (2016), as amended by the FOIA Improvement Act of 2016, Pub. L. No. 114-185, 130 Stat. 538, authorizes the Commission to withhold:\n\nrecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy . . . .\n\nThe seventh exemption applies to civil and criminal investigations conducted by regulatory agencies. Abraham & Rose, P.L.C. v. United States, 138 F.3d 1075, 1083 (6th Cir. 1998). Release of statements and identities of witnesses and subjects of an investigation creates the potential for witness intimidation that could deter their cooperation. National Labor Relations Board v. Robbins Tire and Rubber Co., 437 U.S. 214, 239 (1978); Manna v. United States Dep't. of Justice, 51 F.3d 1158,1164 (3d Cir. 1995). Disclosure of identities of employee-witnesses could cause "problems at their jobs and with their livelihoods."

520-2024-001348

L&C Marine Transport, Ltd. v. United States, 740 F.2d 919, 923 (11th Cir. 1984).\n\nThe Supreme Court has explained that only "[o]fficial information that sheds light on an agency's performance of its statutory duties" merits disclosure under FOIA, and noted that "disclosure of information about private citizens that is accumulated in various governmental files" would "reveal little or nothing about an agency's own conduct."  United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).\n\nFor the purposes of determining what constitutes an unwarranted invasion of personal privacy under exemption (b)(7)(C), the term "personal privacy" only encompasses individuals, and does not extend to the privacy interests of corporations. FCC v. AT&T Inc., 131 S.Ct. 1177, 1178 (2011).

**DOCUMENTS WITHHELD PURSUANT TO EXEMPTION (b)(7)(C) TO THE FOIA:**

1. Redacted personal information about third parties, such as names, addresses, telephone numbers, social security numbers, and driver's license numbers, the disclosure of which would invade personal privacy. (26 pages)

---------------------------------------------------------------------------------------------------------------

For a full description of the exemption codes used please find them at the following URL:
https://www.eeoc.gov/foia/freedom-information-act-reference-guide

**This response was prepared by Shynee Eason, Record Disclosure Coordinator**
**          who may be reached at Shynee.Eason@eeoc.gov or 929-506-5272**