Docket No. 1:23-cv-7190-JAV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL RIZZO,

Plaintiff,

v.

CITY OF NEW YORK,

Defendant.

# PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Christina Martinez, Esq.
*Attorney for Plaintiff*
245 Bricktown Way, Suite J
Staten Island NY 10309
T: (347) 215-4543
E-mail: ChristinaMartinezEsq@gmail.com

**ORAL ARGUMENT REQUESTED**

**TABLE OF CONTENTS**

**Pages**

ARGUMENT ………………………………………………………………………... 1

I. Defendant Has Waived Any Opposition to the Second and Third Prongs of the *Prima Facie* Failure-to-Accommodate Case and to the Undue Hardship Defense.…………………………………….………. 1

II. Plaintiff's Human Rights Law Claims Are Timely. …………….…………………….. 2

III. Plaintiff is Entitled to Summary Judgment that He Has a Sincerely Held Religious belief in conflict with the vaccine Mandate. ……………………………………………………. 3

A. The City's Rule 36 Admissions and Local Rule 56.1 Responses Require Summary Judgment for the Plaintiff …………………… 3

1. Defendant's Rule 56.1 Responses Fail to Create Any Genuine Dispute of Material Fact. ………………………………….. 3

2. Defendant's Admissions Pursuant to Rule 36 ………………………….… 4

B. The City's 30(b)(6) Witness Concedes Sincerity and Religiosity and His Very Explanation for Denial Hinges on Unconstitutional Grounds ……………………………………… 5

C. The DSNY Witness Concedes Religiosity, and His Speculative Sincerity Doubts Are Neither Genuine Nor Material ……………………………………………...…. 9

IV. Plaintiff is Entitled to Summary Judgment on His Cooperative Dialogue Claim.. 11

CONCLUSION ……………………………………………………………………... 12

## LEGAL ARGUMENT

### I. Defendant Has Waived Any Opposition to the Second and Third Prongs of the *Prima Facie* Failure-to-Accommodate Case and to the Undue Hardship Defense.

Defendant does not contest that Plaintiff provided notice of his religious conflict, suffered an adverse employment action, or that accommodation would not have imposed an undue hardship. By failing to address these issues, Defendant has conceded them as a matter of law, narrowing this case to a single issue—whether Plaintiff's sincerely held religious beliefs conflict with the Vaccine Mandate.

"[A]rguments not made in opposition to a motion for summary judgment are deemed abandoned." Moore v. Metro. Transp. Auth., 999 F. Supp. 2d 482, 494 n. 6 (S.D.N.Y. 2013); see also Jain v. McGraw–Hill Cos., Inc., 827 F.Supp.2d 272, 280 (S.D.N.Y. 2011); Douglas v. Victor Capital Group, 21 F.Supp.2d 379, 393 (S.D.N.Y.1998) (collecting cases). Where "a counseled non-moving party submits 'a partial response arguing that summary judgment should be denied as to some claims while not mentioning others,' that response 'may be deemed an abandonment of the unmentioned claims.' " Oji v. Collins, 2025 WL 2624975, at *15 (E.D.N.Y. Sept. 11, 2025) (citing Camarda v. Selover, 673 F. App'x 26, 30 (2d Cir. 2016) and quoting Jackson v. Fed. Express, 766 F.3d 189, 195 (2d Cir. 2014)); Kovaco v. Rockbestos-Surprenant Cable Corp., 834 F.3d 128, 143 (2d Cir. 2016).

A plaintiff may obtain summary judgment on an affirmative defense by showing "an absence of evidence to support an essential element" on which the defendant bears the burden of proof. F.D.I.C. v. Giammettei, 34 F.3d 51, 54–55 (2d Cir. 1994) (affirming summary judgment on affirmative defense) (internal citations and quotations omitted). When a party fails to produce evidence on an essential element of its claim or defense, there can be "no genuine issue as to any

material fact," because such a failure "necessarily renders all other facts immaterial." Id. at 54-55 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

Here, the record contains no evidence—nor even an allegation—that accommodating Plaintiff would have imposed a significant cost or difficulty. See Groff v. DeJoy, 600 U.S. 447, 469 (2023). Because Defendant offers no supporting evidence or argument, summary judgment should be granted dismissing the undue hardship defense as a matter of law.

## II. Plaintiff's Human Rights Law Claims Are Timely.

The City contends that Plaintiff's claims are untimely[1] because they should have been brought in an Article 78 proceeding. But the NYSHRL and NYCHRL provide independent rights of action, with a three-year[2] statute of limitations. N.Y. Exec. Law § 297(9). N.Y.C. Admin. Code § 8-502(a).

The Southern District recently rejected this same argument, holding that the plaintiff's claims regarding her accommodation request were "substantively about the complained-of discrimination, and therefore are governed by a three-year statute of limitations.". Chinchilla v. New York City Police Dep't, et. al., 2024 WL 3400526, at *10-11 (S.D.N.Y. July 12, 2024). The same is true here.

"[I]t is the petitioner's choice whether to bring an Article 78 proceeding—with the attendant summary procedures, deferential review of agency action, and limited menu of relief—or a plenary action." Whitfield v. City of New York, 96 F.4th 504, 528 (2d Cir. Mar. 15, 2024)

---

[1] Defendant has withdrawn its argument that Plaintiff's Title VII claims are time-barred and that Plaintiff received his right-to-sue letter on May 18, 2023. ECF Doc. 97 at 6 n. 1.

[2] The statute of limitations for both the NYCHRL and NYSHRL is governed by C.P.L.R. § 214(2). See also N.Y.C. Admin. Code § 8-502(d) and N.Y. Exec. Law § 297(5).

(held Article 78 does not preclude a later plenary action for discrimination). Whitfield is dispositive.

An Article 78 court lacks "the power to award the full measure of relief" Plaintiff seeks here. Id. at 534. Article 78 review is limited to annulment or remand, with damages available only when incidental. C.P.L.R. § 7806. In contrast, Plaintiff's NYSHRL and NYCHRL claims seek compensatory damages and attorney's fees—remedies available only through a plenary action subject to the three-year statute of limitations.

The Court of Appeals has likewise held that the NYSHRL creates an independent private cause of action, not displaced by Article 78. Koerner v. State of New York, 62 N.Y.2d 442, 446-49 (NY1984).

Lastly, the City waived any statute-of-limitations defense by failing to plead it. Day v. McDonough, 547 U.S. 198, 202 (2006) ("a defendant forfeits a statute of limitations defense not asserted in its answer").

## III. Plaintiff is Entitled to Summary Judgment that He Has a Sincerely Held Religious belief in conflict with the vaccine Mandate.

### A. The City's Rule 36 Admissions and Local Rule 56.1 Responses Require Summary Judgment for the Plaintiff

#### 1. Defendant's Rule 56.1 Responses Fail to Create Any Genuine Dispute of Material Fact.

Under Local Rule 56.1(c), a movant's facts are deemed admitted unless specifically controverted with citations to the record. Every response "must be followed by citation to evidence." Local Civil Rule 56.1(d). The City failed to do so—asserting only relevance objections or no citations at all. (ECF Doc. No. 96 ¶¶32-34, 36, 39-52, 62-63, 67, 72-73, 76-78, 81-82, 85, 94, 107-109, 119, 124; 58-61, 66).

"When a party has moved for summary judgment", that party's statement of material "facts will be deemed admitted unless properly controverted by the nonmoving party." Glazer v. Formica Corp., 964 F.2d 149, 154 (2d Cir. 1992).

Defendant claims that Plaintiff's statements are immaterial, yet these statements confirm that DSNY's 30(b)(6) witness conceded the religious conflict asserted by the Plaintiff. (ECF Doc. No. 96 ¶¶33-34, 40, 42, 43, 45-52, 72, 76, 77, 81, 82). They also confirm that the City's 30(b)(6) witness conceded that the Plaintiff's beliefs were religious and sincerely held. (ECF Doc. No. 96 ¶¶107-109, 119).

Because the City failed to properly controvert Plaintiff's statement of facts, this Court should deem those facts admitted and grant summary judgment accordingly. Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000); U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3, 2006 WL 2136249, at *3–4 (S.D.N.Y. Aug. 1, 2006). Under Fed. R. Civ. P. 56(e)(2)–(3), when a party fails to properly address another's factual assertions, the Court may deem those facts undisputed and grant summary judgment if the record shows entitlement to relief. That is precisely the case here.

**2. Defendant's Admissions Pursuant to Rule 36**

The City has admitted that the Plaintiff has a sincerely held religious belief in conflict with the Vaccine Mandate. Ex.[3] 10, RFA No. 22 (deemed admitted); see also id. at 23, 2[4].

---

[3] Citations to Exhibits herein are to the exhibits produced in the Martinez Declaration, dated August 22, 2025 at ECF Doc. 90.

[4] There are other facts deemed admitted but they relate to elements that have already been abandoned by the City, such as undue hardship, and thus Plaintiff does not waste the Court's time repeating them here. See Section I above.

Under Fed.R.Civ.P. 36(a), each matter of which an admission is requested, is admitted unless, the party serves a written answer or objection. A party's admissions derived from a party's failure to respond, may be used for Rule 56 summary judgment. SEC v. Batterman, 2002 WL 31190171, *4–6 (S.D.N.Y.2002) (unanswered requests deemed admitted and used as basis for summary judgment); see Donovan v. Carls Drug Co., 703 F.2d 650, 651 (2d Cir.1983), rejected on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133–34 (1988). It is "well settled that a failure to respond to a request to admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive." Arce v. Sovereign Indus. Grp. Inc., No. 19-CV-489 (NGG) (JRC), 2025 WL 102449, at *4 (E.D.N.Y. Jan. 15, 2025) (quoting Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2d Cir.1966).

These facts—deemed admitted pursuant to Rule 36 due to Defendant's failure to respond—combined with additional facts the City affirmatively admitted through its 30(b)(6) testimony, foreclose any genuine dispute as to the conflict between his religious beliefs and the Vaccine Mandate.

### B. The City's 30(b)(6) Witness Concedes Sincerity and Religiosity and His Very Explanation for Denial Hinges on Unconstitutional Grounds

The City's designated 30(b)(6) witness, admitted that the Citywide Panel[5] found Rizzo's beliefs to be sincere and religious, but denied him solely because they concluded there was "no conflict" between those beliefs and the Vaccine Mandate:

Q: So just to be clear, are you stating the beliefs are not religious in nature?
A: No.
Q: Are you stating that he's not sincere?

[5] Both DSNY and the Citywide Panel had independent authority to approve accommodations. An approval by DSNY was final, while a denial could be appealed to the Citywide Panel, which had full authority to overturn it. (DSNY 30(b)(6) Dep. 52:15–53:2; SOMF ¶ 99).

A: No. None of us are saying that.
Q: Are you stating that there's no conflict between his religious beliefs and the vaccine mandate?
A: Yes.
Q: Okay.
A: It's – you know, I can tell you from my review and these comments, I can tell you it's universal. There's no doubt that Mr. Rizzo is a practicing Catholic who holds sincerely held beliefs grounded in Catholicism.

Ex. 16, City 30(b)(6) Dep. 30:6-21.

This testimony removes any dispute over sincerity or religiosity. The City denied Rizzo not for lack of faith but by substituting its own theological judgment—precisely what the law forbids. U.S. Equal Emp. Opportunity Comm'n v. Consol Energy, Inc., 860 F.3d 131, 141-142 (4th Cir. 2017) (rejecting employer's argument that its hand scanner did not actually conflict with employee's religious beliefs, holding that "it is not Consol's place as an employer, nor ours as a court, to question the correctness or even the plausibility of [the employee's] religious understandings")

Here, the City did exactly that. The Citywide Panel concluded there was no conflict because, in its view, God's communication with Rizzo was merely "an individual religious teaching," (SOMF ¶118; Ex. 16, City 30(b)(6) Witness Dep. 57:18-58:12), understanding this to be Rizzo's "personal reflection and understanding of what God's voice is saying", and thus an "individual decision[]" (SOMF ¶120; Ex. 16, City 30(b)(6) Witness Dep. 60:20-61:4), and not a "practice[] that would *prohibit* vaccination." (SOMF ¶113; Ex. 16, City 30(b)(6) Witness Dep. 35:8-13).

This rationale is unconstitutional. The government cannot decide when God's voice counts as "personal" rather than "religious," nor dictate what a person's faith requires. New Yorkers for Religious Liberty, Inc. v. City of New York, 125 F.4th 319, 335 (2d Cir. 2025).

The City claims—despite Eichenholtz's explicit testimony to the contrary quoted above—that he was not requiring centrality but merely found no conflict because, in the City's view, when God communicated with Rizzo, He did not forbid *all* medications or *all* vaccinations connected to abortion[6]. See Def. Br. at 15–16 (citing Ex. 16, City 30(b)(6) Dep. 61:11–62:12). In other words, Eichenholtz reasoned that there could be no religious conflict unless Rizzo's faith compelled him to reject *every* such medical intervention.

This rationale is baseless for two reasons. Eichenholtz ignores that Rizzo's objection is not based solely on his communications with God but also on broader tenets of his Catholic faith—specifically, that he must "keep [his] body clean as intended by God" and "not desecrate [his] body with that which God would consider sinful," including vaccines created using aborted fetal cell lines, because he believes his body is a "Temple" that he is "compelled to protect from defilement." (Ex. 15, Appeal, at 2). Second, under Eichenholtz's own (unconstitutional) conflict standard, Rizzo plainly qualifies: he expressly stated that he rejects *all* vaccines connected with abortion at any stage of development. (Id.)

More importantly, this reflects the same fundamental legal error. Even in the very excerpt the City relies on, Eichenholtz continues to assume authority to define what Rizzo's faith requires, despite Rizzo explicitly stating otherwise. But the government does not get to tell an individual what his religion demands. It cannot decree that God may only require refusal of *all* vaccines or

---

[6] And Defendant's argument that Rizzo did not "present[] any evidence that the COVID vaccines contain the fetal cells" misses the point (Def. Br. at 11) —his objection concerns their use in testing, not their contents. (Ex 15, Appeal statement). Moreover, the Second Circuit has made it clear that courts may not assess the objective accuracy of a plaintiff's belief that the COVID-19 vaccines were developed using fetal cell lines because the law protects sincerely held religious beliefs, not scientifically verifiable ones. Gardner-Alfred v. Fed. Rsrv. Bank of New York, 143 F.4th 51, 66-67 (2d Cir. 2025).

medications—or none at all. If Rizzo sincerely believes that taking *this* vaccine would violate God's command, that ends the inquiry. Any further evaluation constitutes the very theological line-drawing the Supreme Court forbids. Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 724–25 (2014) (quoting Thomas v. Rev. Bd. of Indiana Emp. Sec. Div., 450 U.S. 707, 715–16 (1981)). Thus, for example, a government agency may not second-guess the determination of a factory worker that, consistent with his religious precepts, he can work on a line producing steel that might someday make its way into armaments but cannot work on a line producing the armaments themselves. Thomas, 450 U.S. at 715-716. Here, the City cannot second-guess Rizzo's faith-based determination that receiving this vaccine would desecrate his body and violate God's will.

**This question is not for a jury—it is a matter of law.** With sincerity and religiosity conceded, the only issue is whether the government may deny accommodation by redefining the boundaries of an individual's faith. It may not. The City's "no conflict" rationale rests entirely on theological line-drawing—an inquiry the Constitution forbids. The Supreme Court has long held that "[w]hen the triers of fact undertake that task, they enter a forbidden domain." United States v. Ballard, 322 U.S. 78, 87 (1944). Allowing a jury to decide whether Rizzo's faith truly prohibits vaccination would impermissibly allow the jury to pass judgment on the content or contours of religious belief. This Court must decide, as a matter of law, that the City's reasoning crosses that constitutional line and grant summary judgment to Plaintiff on the religious-conflict element.

### C. The DSNY Witness Concedes Religiosity, and His Speculative Sincerity Doubts Are Neither Genuine Nor Material

The City argues Rizzo's request "mirrored, almost verbatim, a vaccine template," Def. Br. at 12. There is no record support for this mischaracterization—and it is affirmatively disproven by the record evidence.

The DSNY's 30(b)(6) witness, Ryan David, testified that Rizzo's language came from a template letter written by the Catholic "Archbishop for Military Services" in October 2021. (DSNY 30(b)(6) Dep. 126:6–19). Yet, notably Defendant never produced this alleged letter in discovery[7] nor submitted it to this Court. Looking at the letter itself, it is clear that Rizzo's request bears little resemblance. (Martinez Decl., dated October 14, 2025, Ex. 1[8]). Other than quoting the same Catechism and St. Paul verses—common references for Catholics discussing conscience (DSNY 30(b)(6) Dep. 125:19-24—the two letters are entirely different. (See Pl. Ex. 9, Accommodation Request).

These facts foreclose any ***genuine*** **dispute**. "The requirement of detecting a *genuine* issue of fact finds substance in the principle that despite some evidence in opposition to a summary judgment motion, if 'no reasonable jury could have believed' the opponent's version of the events, summary judgment is appropriate." Cruz v. Reiner, 2013 WL 5676303, at *2 (E.D.N.Y. Oct. 16, 2013) (quoting Scott v. Harris, 550 U.S. 372, 380, (2007)). "[A] a factual issue will not be deemed to exist if other evidence shows that the statement cannot be credited." Cruz v.

---

[7] The Defendant is not permitted to use information not disclosed in discovery. See Fed. R. Civ. P. 37(c)(1); see also Fed. R. Civ. P. 56(c)(2) (a party may object that material cited "cannot be presented in a form that would be admissible in evidence").

[8] The Court may take judicial notice of the letter—incorporated by reference by the Defendant in its brief— not for the truth of the matters of asserted but to show that the Plaintiff clearly did not use this letter in his own exemption request.

Reiner, 2013 WL 5676303, at *3 (E.D.N.Y. Oct. 16, 2013) (citing Scott)). The documentary evidence—Plaintiff's submissions and the alleged "template" letter referenced by David at his deposition— shows that a jury would be unreasonable in accepting this version of events (i.e., that Rizzo used a template letter). Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 105-106 (2d Cir. 2011) (affirming summary judgment where deposition testimony was refuted by competent evidence and thus failed to raise a genuine issue of material fact because "in certain cases a party's inconsistent and contradictory statements[9] transcend credibility concerns and go to the heart of whether the party has raised *genuine* issues of material fact to be decided by a jury").

"A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," and "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 539 F.3d 159, 166 (2d Cir.2010). An opposing party's facts "must be material and of a substantial nature, not fanciful, frivolous, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions." Contemporary Missions, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 n. 14 (2d Cir.1981) (citation omitted). Here, David's speculative allegation that Rizzo used a template letter is plainly refuted by the documentary evidence.

---

[9] Likewise, Defendant's claim that David did not actually consider whether the Pope approved of the vaccine (See Def. Br. at 13) is flatly contradicted by his own testimony. (SOMF ¶55; Ex. 11, DSNY 30(b)(6) Witness Dep. 149:8-15; 122:24-123:20; 143:8-144:3). Although David claimed that City policy prohibited denying requests based on a faith leader's approval, he repeatedly testified that he *did* consider "the Pope saying you can get the vaccine" and that "a large majority of Catholics" had done so. (DSNY 30(b)(6) Dep. 123:5–20). Such a conclusory, self-serving assertion cannot create a genuine issue of fact when directly refuted by his own testimony. See Rojas, 660 F.3d at 105–06.

"The mere existence of a scintilla of evidence in support of the [City's] position will be insufficient; there must be evidence on which the jury could *reasonably* find for the [City]." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir.2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986) (emphasis added by Jeffreys )). And the Defendant admits that David "could not conclude that Plaintiff's religious beliefs were insincere". ECF Doc. 96, ¶53.

Even if this unsupported "template" allegation were credited, it is **not *material***. First, the Second Circuit in Gardner-Alfred, on summary judgment, held explicitly that it "d[id] not find it relevant" that the plaintiff, a Catholic affiliated with the Archdiocese of Newark, submitted a template letter from the Colorado Catholic Conference. Gardner-Alfred v. Fed. Rsrv. Bank of New York, 143 F.4th 51, 64-65 (2d Cir. 2025); see Id. at 58 ("the template letter"). And second, Rizzo's request was independently reviewed by the Citywide Panel, which found his beliefs sincere and religious. See SOMF ¶¶99, 107. Thus, the DSNY denial is wholly immaterial here.

## IV. Plaintiff is Entitled to Summary Judgment on His Cooperative Dialogue Claim

Significantly, under Fed.R.Civ.P. 36(a), Defendant has admitted to failing to meet every element of cooperative dialogue required by N.Y.C. Admin. Code § 8-102. Ex 10, RFA Nos. 19-21, deemed admitted; see also id. at Nos. 17-18.

Defendant's reliance on Marsteller and its progeny is misplaced.

First, Marsteller was an Article 78 proceeding, which by definition provides only limited, arbitrary-and-capricious review of agency action. Farrell v. City of New York, 2024 WL 3849333, at *5 (S.D.N.Y. Aug. 16, 2024) (refusing to consider an Article 78 decision and denying the City's motion to dismiss Human Rights Law claims).

Second, unlike Marsteller, neither DSNY nor the Citywide Panel ever explained why Plaintiff "did not qualify for an accommodation." Marsteller, 217 A.D.3d at 545. DSNY denied Rizzo with a boilerplate letter, without rationale or communication. (SOMF ¶152; Ex. 11, DSNY 30(b)(6) Witness Dep. 139:9-15; SOMF ¶89; Answer, ECF No. 43 ¶7; Ex. 11, DSNY 30(b)(6) Dep. 242:15–243:14, 243:16–23, 240:18–23; Ex. 14, DSNY Denial). The Citywide Panel did the same. (SOMF ¶151; Ex. 16, City 30(b)(6) Dep. 38:21–24; Ex. 10, Pl.'s RFAs No. 7, deemed admitted; SOMF ¶127; Ex. 18, Citywide Panel Denial). Nor did the City "further engage[]" Plaintiff during the administrative appeal. Id. at 545.

Third, this case aligns not with Marsteller but with Lee v. New York City Fire Dep't, 2025 WL 2772855, at *5 (E.D.N.Y. Sept. 29, 2025), where the court denied the City's motion to dismiss a cooperative-dialogue claim, holding that—even if the process exists on paper—failure to follow it violates the NYCHRL. Here, the City failed entirely to engage Rizzo, despite his repeated efforts to initiate a dialogue. (SOMF ¶¶60–61, 71, 73, 85–86, 104, 153, 158–159; Exs. 1, 10–11, 13, 15, 20).

**CONCLUSION**

The Court should grant Plaintiff's motion for summary judgment in its entirety.

Dated: Staten Island, New York
October 14, 2025

Respectfully submitted,

Christina Martinez, Esq.
245 Bricktown Way, Suite J
Staten Island NY 10309
*Attorney for Plaintiff*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITS**

Pursuant to the Court's Individual Rules and Practices and Local Civil Rule 7.1, I certify that Plaintiff's Memorandum of Law in Reply contains 3,498 words, as determined by the word-count function of Microsoft Word.

In making this certification, I have included all text in the body and footnotes and excluded the caption, table of contents, table of authorities, signature block, and this certificate, consistent with the Court's rules. I further certify that the brief uses 12-point font throughout, including footnotes.

Dated: Staten Island, New York
October 14, 2025

Respectfully submitted,

Christina Martinez, Esq.
245 Bricktown Way, Suite J
Staten Island NY 10309
T: (347) 215-4543
ChristinaMartinezEsq@gmail.com

*Attorney for Plaintiff*